CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 49-9095
Facsimile:  (208) 957-5704

Attorneys for Defendant
KOCHAVA, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| FEDERAL TRADE COMMISSION, | ) | CASE NO. 2:22-cv-00377-BLW |
|---|---|---|
| Plaintiff, | ) | Honorable B. Lynn Winmill |
| vs. | ) | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF KOCHAVA, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| KOCHAVA INC., corporation | ) | |
| Defendant. | ) | |

TO THIS HONORABLE COURT:

Pursuant to Federal Rule of Evidence 201, Defendant Kochava, Inc. ("Kochava") respectfully requests this Honorable Court take judicial notice of the existence of the following documents in support of Kochava's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff Federal Trade Commission's ("FTC") Complaint.

/ / /

/ / /

Courts may consider matters properly subject to judicial notice when deciding a motion to dismiss for failure to state a claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In considering matters presented by the parties, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Judicial notice of information obtained from governmental websites is proper because such information is the equivalent of a government publication and thus is self-authenticating. Fed. R. Evid. 902(5).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## REQUESTS FOR JUDICIAL NOTICE

1. The existence of the FTC's press release entitled "FTC Testifies on Geolocation Privacy" dated June 4, 2014, that states that consumer products and services utilizing geolocation data make consumers' lives easier and more efficient. Said press release is available on the FTC's official website at https://www.ftc.gov/news-events/news/press-releases/2014/06/ftc-testifies-geolocation-privacy. A true and correct copy of the press release is attached hereto as Exhibit A.

2. The existence of the FTC's Commercial Surveillance and Data Security Rulemaking webpage dated August 11, 2022, that states "[t]he Federal Trade Commission is asking the public to weigh in on whether new rules are needed to protect people's privacy and information in the commercial surveillance economy." Said webpage is available on the FTC's official website at https://www.ftc.gov/legal-library/browse/federal-register-notices/commercial-surveillance-data-security-rulemaking. A true and correct copy of the webpage is attached hereto as Exhibit B.

Dated: October 28, 2022                Respectfully submitted,

By: */s/ Craig J. Mariam*
Craig J. Mariam
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, Suite 100
Boise, ID 83702
(208) 489-9095
*cmariam@grsm.com*

**Attorneys for Defendant Kochava, Inc.**