BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KOCHAVA INC., corporation,<br><br>Defendant. | **Case No. 2:22-cv-00377-BLW**<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [DKT. 7]** |

Plaintiff respectfully submits this Notice of Supplemental Authority in support of its Response to Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 11]. In Defendant's brief [Dkt. 7], it argues that Plaintiff may not seek injunctive relief under Section 13(b) of the FTCA, 15 U.S.C. § 53(b) "because, if it were the case, such executive litigation authority would be unconstitutional on its face as it exceeds the scope of powers that can be constitutionally vested in an agency whose members are not removable at will by the President," citing *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). [Dkt. 7, 14.]

Plaintiff submits this Notice of Supplemental Authority because on February 1, 2023, after briefing on Defendant's motion was completed, the Southern District of New York issued an order rejecting this same argument in *FTC v. Roomster Corp.,* 2023 U.S. Dist. LEXIS 17138, *23-26 (attached as Exhibit 1). In *Roomster*, the Court held that "Defendants grossly misinterpret binding Supreme Court precedent" and that "[t]he FTC clearly has the authority to bring this suit." *Id.* at *23. The *Roomster* Court first explained, "Nearly a century ago, the Supreme Court affirmed the constitutionality of the FTC's structure," citing to *Humphrey's Executor v. U.S.*, 295 US 602 (1935). *Id.* The Court then explained, "Since then, the Supreme Court has addressed presidential removal power multiple times, each time citing *Humphrey's Executor* and declining to overrule it – including in *Seila Law*, the case relied upon by Defendants." *Id.*

In then addressing the specific argument made both by the *Roomster* Defendants and the Defendant in this action that Section 13(b) is an unconstitutional grant of authority to the FTC not covered by *Humphrey's Executor*, the *Roomster* Court further held that such an "interpretation is mistaken on a number of levels," but addressing only one. *Id.* at *24. The Court explained:

> The Supreme Court has never suggested, in *Seila Law* or subsequent cases, that Congress lacks constitutional authority to delegate regulatory power to an

> independent agency; it has only held Congress has limited authority to restrict the President's removal power. 40 S. Ct. 2183, 2199 (2020). In *Free Enterprise Fund v. Public Company Accounting Oversight Board*, the Court held that the Oversight Board's regulatory authority *"does not violate the separation of powers*, but the substantive removal restrictions [for its officers] . . . do." 561 U.S. 477, 508-9, 130 S. Ct. 3138, 177 L. Ed. 2d 706 (2010) (emphasis added). Similarly, in *Morrison v. Olson*, the Supreme Court upheld the grant of criminal prosecution authority to an independent counsel not removable at will by the President. 487 U.S. 654, 696-97, 108 S. Ct. 2597, 101 L. Ed. 2d 569 (1988).
>
> As a result, even where Congress has legislated unconstitutional removal protections, an agency can still wield enforcement authority that was lawfully delegated. *Collins v. Yellen*, 141 S. Ct. 1761, 1787-88, 210 L. Ed. 2d 432 & n.23 (2021); *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2208-10, 207 L. Ed. 2d 494 (2020). "Settled precedent . . . confirms that the unlawfulness of [a] removal provision does not strip the [officer] of the power to undertake the . . . responsibilities of his office." *Collins*, 141 S. Ct. at 1788 n.23.
>
> Thus, even if Defendants could plausibly challenge the constitutionality of the for cause removal protections for the FTC commissioners, that challenge would not invalidate this action or necessitate its dismissal.
>
> However, the FTC's commissioners were appointed consistent with the requirements of the Appointments Clause, U.S. Const. art. II, § 2, cl. 2. An unconstitutional removal restriction would provide "no reason" to void this action. *Collins*, 141 S. Ct. at 1787. Accordingly, Defendants' argument that the FTC's for cause removal restriction is unconstitutional is patently wrong and does not warrant dismissal. If Defendants wish to persist in their challenge to the constitutionality of the FTC, they may do so on appeal from a final judgment.

Exhibit 1 at 16-18.

This case supports Plaintiff's argument that its authority to bring this action under Section 13(b) is constitutional. [Dkt. 11, 18-19.] While Plaintiff recognizes that the *Roomster* opinion is not binding on this Court, Plaintiff believes that the Court may find its discussion informative and its reasoning persuasive.

                                                  Respectfully submitted,

Dated: February 6, 2023                /s Brian Shull_____

BRIAN SHULL
JULIA A. HORWITZ
ELIZABETH C. SCOTT

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION