CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (208) 957-5704

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KOCHAVA INC., corporation<br><br>　　　　　　　　　Defendant. | CASE NO. 2:22-cv-00377-BLW<br><br>Honorable B. Lynn Winmill<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF KOCHAVA INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

TO THIS HONORABLE COURT:

　　Pursuant to Federal Rule of Evidence 201, Defendant Kochava Inc. ("Kochava") respectfully requests this Honorable Court take judicial notice of the existence of the following facts in support of Kochava's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff Federal Trade Commission's ("FTC") Complaint [Dkt 7].

/ / /

/ / /

Courts may consider matters properly subject to judicial notice when deciding a motion to dismiss for failure to state a claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In considering matters presented by the parties, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). Importantly, the court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

"[C]ourt may take judicial notice of the existence of newspaper articles." *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991); *see Federal Trade Commission v. Facebook, Inc.,* 581 F. Supp. 3d 34 (D.D.C. 2022) (In deciding whether to dismiss antitrust action brought by the FTC against online social networking provider, based on allegation that the FTC's amended complaint was not properly authorized by the FTC because the FTC Chair, who voted to reinstate suit against provider, had conflict of interest, district court would take judicial notice of publications found in newspaper articles related to congressional investigation into provider's monopoly power.); *see United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009) (The court did not err when it took judicial notice of the Times articles because the articles were not hearsay because the statements in the news articles were not offered for the truth of the matter asserted.)

/ / /

/ / /

## SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

1. The fact that the opinion and commentary written by FTC Commissioner Christine Wilson, titled "Why I'm Resigning as an FTC Commissioner," was published on February 14, 2023, in the Wall Street Journal. Said article is available on the Wall Street Journal's official website at https://www.wsj.com/articles/why-im-resigning-from-the-ftc-commissioner-ftc-lina-khan-regulation-rule-violation-antitrust-339f115d. A true and correct copy of the Wall Street Journal Article is attached hereto as <u>Exhibit C</u>.

2. The fact that Commissioner Wilson made the following statement in the aforementioned publication when speaking to data revealed by a Federal Employee Viewpoint Survey: "…the data convey the staffers' discomfort with [Ms. Khan's] means, which involve dishonesty and subterfuge to pursue her agenda."

3. The fact that Commissioner Wilson made the following statement in the aforementioned publication: "My fundamental concern with her leadership of the commission pertains to her willful disregard of congressionally imposed limits on agency jurisdiction, her defiance of legal precedent, and her abuse of power to achieve desired outcomes."

4. The fact that Commissioner Wilson made the following statement in the aforementioned publication when speaking about the November 2022 antitrust enforcement policy: "…the FTC could ignore decades of court rulings and condemn essentially any business conduct that three unelected commissioners find distasteful. … in other words, the new policy adopts an "I know it when I see it" approach [in violation of due process]."

/ / /

/ / /

/ / /

/ / /

/ / /

5. The fact that Commissioner Wilson made the following statement in the aforementioned publication: "Abuse of regulatory authority now substitutes for unfulfilled legislative desires."

Dated: February 14, 2023                Respectfully submitted,

By: */s/ Craig J. Mariam*
Craig J. Mariam, SBN 11061
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, Suite 100
Boise, ID 83702
(208) 489-9095
*cmariam@grsm.com*

**Attorneys for Defendant Kochava Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system in this matter.

*/s/ Craig J. Mariam*
Craig J. Mariam, SBN 11061
*cmariam@grsm.com*