BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOCHAVA INC., corporation,<br><br>　　　　Defendant. | **Case No. 2:22-cv-00377-BLW**<br><br>**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [DKT. 7]** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this Second Notice of Supplemental Authority in support of its Response to Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. 11]. Attached as Exhibit 1 is the recent opinion in *FTC v. Walmart Inc.*, No. 22 CV 3372, 2023 WL 2646741 (N.D. Ill. Mar. 27, 2023), in which the District Court denied in part Walmart's motion to dismiss an FTC enforcement action, allowing the FTC to proceed on a theory of liability under Section 5 of the FTC Act.[1]

Defendant Kochava Inc. ("Kochava") appears to have relied heavily on Walmart's briefing in drafting its own motion to dismiss the FTC's Section 5 claim in this matter (including, at times, using identical language as Walmart's briefing). Similar to Walmart, Kochava moved to dismiss this matter by arguing that: 1) the FTC failed to plead a violation of public policy [Dkt. 7 at 9]; 2) the FTC failed to plead that Kochava's conduct was immoral, unethical, oppressive, or unscrupulous [Dkt. 7 at 11]; 3) the FTC has not alleged an ongoing or imminent violation of the FTC Act [Dkt. 7 at 8]; 4) the FTC's action violates the Due Process Clause [Dkt. 7 at 2]; and 5) the makeup of the FTC's Commission is unconstitutional [Dkt. 7 at 14]. The *Walmart* court addressed and rejected each of these arguments. *FTC v. Walmart Inc.*, 2023 WL 2646741, at *14-18, *20-26 (N.D. Ill. March 27, 2023).

This opinion supports the FTC's argument that Kochava's motion to dismiss should be denied. While the FTC recognizes that the *Walmart* opinion is not binding on this Court, the FTC believes that the Court may find its discussion informative and its reasoning persuasive.

                                        Respectfully submitted,

Dated: April 3, 2023                     /s *Julia Horwitz*

---

[1] The *Walmart* Court dismissed without prejudice the FTC's Telemarketing Sales Rule ("TSR") claim based on the pleading requirements of that Rule, along with the Section 5 claim predicated on a violation of the TSR. The Court's reasoning with respect to the TSR theory of liability is not applicable to this matter, as the FTC has not alleged that Kochava violated the TSR.

2

JULIA HORWITZ
BRIAN SHULL
ELIZABETH C. SCOTT

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

2