CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>KOCHAVA INC., corporation<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-00377-BLW<br><br>Honorable B. Lynn Winmill<br><br>**KOCHAVA INC.'S RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING KOCHAVA'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) [DKT. 7]** |

TO THIS HONORABLE COURT:

Kochava Inc. ("Kochava") hereby respectfully submits its response to Plaintiff Federal Trade Commission's ("FTC") Second Notice of Supplemental Authority Regarding Kochava's Motion to Dismiss the Complaint of FTC pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt 7].

/ / /

In its Second Notice of Supplemental Authority in support of its Response to Kochava's Motion to Dismiss Complaint ("FTC's Notice"), the FTC contends that the court's opinion in *FTC v. Walmart Inc.*, No. 22 CV 3372, 2023 WL2646741 (N.D. Ill. Mar. 27, 2023) ("*Walmart* Opinion") supports denial of Kochava's Motion to Dismiss. For the reasons discussed below, the FTC's argument lacks merit.

*First*, as the FTC itself admits, the *Walmart* Opinion is not binding in this Court as it was issued by the United States District Court for the Northern District of Illinois. *Starbuck v. City & Cnty. of San Francisco*, 556 F.2d 450, 457, fn. 13 (9th Cir. 1977) (The doctrine of stare decisis does not compel one district court judge to follow the decision of another; *see*, 1B Moore's Federal Practice P 0.402(1), p. 61 (2d ed. 1947) (". . . Thus a decision of one district court is not binding upon a different district court.").)

*Second*, to the extent this Court considers it persuasive, the *Walmart Opinion* actually compels the granting of Kochava's Motion to Dismiss.  In applying the test for a violation of Section 5 of the FTC Act—namely, whether a practice is unfair—the court in *Walmart* relied on the facts alleged in the complaint that are different in nature and character than those alleged here against Kochava. As noted in the *Walmart* Opinion, "Under § 5 … an act or practice is unfair when it (1) causes or is likely to cause, (2) substantial injury to consumers, (3) which is not reasonably avoidable by consumers themselves, and (4) not outweighed by countervailing benefits to consumers or to competition." *Walmart Opinion* at p. 41 (citing 15 U.S.C. § 45(a), (n); *see also FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 244–45, 255–56 (3d Cir. 2015); *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1193 (10th Cir. 2009); *FTC v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010)). As applied in this case, these elements do not exist because there is no misconduct by Kochava that allegedly causes or is likely to cause any actual—let alone substantial—injury to any consumer, other than mere conjecture about tracking of devices in proximity to what the FTC has unilaterally deemed "sensitive locations" based on location data that consumers consented to provide upon data ingestion into the mobile app voluntarily installed and used by consumers for a

host of pro-competitive and legitimate purposes. *See* Kochava's Motion to Dismiss, Dkt. 7, at 8-11; Kochava's Reply in support of Motion to Dismiss, Dkt. 12, at 3-6.

Although the *Walmart* Opinion states that the focus of Section 5 is on whether a practice causes substantial injury to consumer (which the FTC fails to allege herein), the *Walmart* Court agrees that public policy remains relevant to whether there is a violation of Section 5, and as Kochava argued in its motion papers, **the lack of an alleged public policy violation favors the dismissal of the FTC's Complaint**. *See Walmart* Opinion at 41.  Notably, in this case, there are no allegations that Kochava "took advantage of defrauded consumers by profiting from transactions while withholding reasonably available information[,]" particularly given the lack of articulated laws that were allegedly violated or notice of same, including any consent orders, prior adjudication of the accused conduct, consumer complaints, or public policy. *See Walmart* Opinion at 46, 49.

Moreover, injunctive relief is unavailable to the FTC because no violations or consumer harm has occurred at all, much less continues. This is in stark contrast to the allegations in the *Walmart* case, where the Court made a specific finding that the alleged money transfers were ongoing. *See Walmart* Opinion at 50 ("the FTC has plausibly alleged some likelihood that Walmart's unlawful conduct will recur … [a]nd the company has opportunity and incentive to continue its lax security practices: Walmart still processes large amounts of money transfers and makes millions of dollars in related fees."). Unlike the findings in the *Walmart* Opinion, Kochava has instituted its Privacy Block function, a prophylactic measure that ensures none of the alleged harm materializes. *See* Kochava's Motion to Dismiss, Dkt. 7, at 5, fn. 5; Kochava's Reply in support of Motion to Dismiss, Dkt. 12, at 9.

And, the Walmart Court reconciles with Kochava's arguments, stating that "[a] statute is impermissibly vague if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Walmart* Opinion at 51 (citing *Ctr. for Individual Freedom v. Madigan*, 697 F.3d

464, 478–79 (7th Cir. 2012) (quoting *Fox Television Stations, Inc.*, 567 U.S. at 253)). "[15 U.S.C. § 45(n)] sets up a cost-benefit analysis: regulated parties must compare a substantial injury that they have caused to consumers with 'countervailing benefits to consumers or to competition,' while also considering whether injuries were reasonably avoidable. *Walmart* Opinion at 52 (citing 15 U.S.C. § 45(n)) (collecting cases). Based on the allegations in the complaint there, the *Walmart* Court found that Walmart had fair notice that it engaged in practices that caused substantial consumer injury because "in addition to the text of the statute, Walmart … had the benefit of cases considering similar issues and practices", as well as the complaints and related consent orders "[the FTC] filed against MoneyGram and Western Union." *Walmart* Opinion at 54-56.

The *Walmart* Court's conclusion rested on specific facts alleged in the *Walmart* complaint, including (1) knowledge of the tangible monetary losses to customers and complaints about "fraud involving Walmart's money transfers, and about hundreds of millions of dollars in related consumer losses." (*Walmart* Opinion at 53-54 (noting allegations of knowledge of consumer harm tied to security measures, "magnitude of the consumer injury at issue"); (2) the FTC's allegations "that Walmart knew that its customers were losing millions to fraudsters making use of it services." (*Id.* at 53); (3) "[Walmart] failed to implement and maintain its own policies and procedures and violated those of its money transfer providers." (*Id.* at 54); and (4) that Walmart "had the benefit of prior litigation involving the same alleged conduct found unlawful by the courts, and consent orders involving money processors." (*Id.* at 54-56). No facts remotely resembling these allegations are pled in this case. The absence of a statute or regulation proscribing Kochava's business practice, coupled with the FTC's failure to allege facts with sufficient specificity, establish that there has been no fair notice to Kochava that its business practices are purportedly unfair.

/ / /

/ / /

/ / /

/ / /

Kochava respectfully requests that the Court grant Kochava's Motion to Dismiss the FTC's Complaint.

Dated: April 6, 2023                    Respectfully submitted,

                                        By:  */s/ Craig J. Mariam*
                                               Craig J. Mariam, SBN 11061
                                               GORDON REES SCULLY MANSUKHANI, LLP
                                               999 W. Main Street, Suite 100
                                               Boise, ID 83702
                                               (208) 489-9095
                                               *cmariam@grsm.com*

                                               **Attorneys for Defendant Kochava Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system in this matter.

            */s/ Craig J. Mariam*
            Craig J. Mariam, SBN 11061
            *cmariam@grsm.com*