BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KOCHAVA INC., corporation,<br><br>Defendant. | Case No. 2:22-cv-00377-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW MOTION TO SEAL AND TO UNSEAL THE AMENDED COMPLAINT** |

In response to Defendant Kochava Inc.'s ("Kochava") over-designation of every document it produced to Plaintiff Federal Trade Commission ("FTC") as "Highly Confidential" and "Proprietary," the FTC filed a Motion to Seal its Amended Complaint and filed the Amended Complaint under a temporary seal. As the FTC informed Kochava prior to filing, the

1

purpose of the Motion to Seal was, out of an abundance of caution, to afford Kochava an opportunity to provide the FTC with proposed redactions for a public version of the Amended Complaint. Kochava's counsel has now refused to provide redactions. Accordingly, there is no longer any basis for the FTC's Motion to Seal. Further, there are no compelling reasons to keep the allegations of the Amended Complaint out of the public domain, nor will Kochava be able to meet the strict standard necessary to justify doing so. As a result, the FTC brings this motion to withdraw its Motion to Seal and to unseal its Amended Complaint.

## I.     BACKGROUND

The FTC filed its initial Complaint initiating this action on August 29, 2022. [Dkt. 1] On May 4, 2023, the Court granted Kochava's motion to dismiss, but granted the FTC an opportunity to amend. [Dkt. 24.] On June 5, 2023, within the 30 days permitted by the Court, the FTC filed its Amended Complaint. [Dkt. 26.] The FTC also filed a Motion to Seal the Amended Complaint [Dkt. 25] because some of the new factual allegations contained in the Amended Complaint quote from or are based, in part, on material that Kochava produced to the FTC pursuant to a Civil Investigative Demand ("CID") the FTC issued. Kochava marked every single document it produced to the FTC as "highly confidential" and "proprietary." (Declaration of Julia Horwitz ("Horwitz Decl.") ¶ 4, attached hereto as Exhibit A.)

On June 1, 2023, four days prior to filing its Amended Complaint, the FTC informed counsel for Kochava by email that it would file its Amended Complaint under seal out of an abundance of caution, while also stating its position that none of the factual allegations in the Amended Complaint warranted remaining under seal. (Horwitz Decl. ¶ 5.) In the same email, the FTC also informed counsel for Kochava that, after filing under seal, the FTC would request that Kochava identify any portions of the Amended Complaint the company believed should remain

under seal and be redacted from a public version of the Amended Complaint. (*Id.*) Kochava did not respond. (*Id.* at ¶ 6.)

On June 5, 2023, the FTC served the Amended Complaint on Kochava and asked Kochava to inform the FTC if the company believed there were portions of the Amended Complaint that should remain under seal and, if so, provide the FTC with proposed redactions. (Horwitz Decl. ¶ 10.) Counsel for Kochava refused to do so, instead accusing FTC counsel of engaging in unethical behavior.[1] (*Id.* at ¶ 11.)

## II.    ARGUMENT

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point" for determining whether a document should remain under seal. *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation marks omitted). Because Kochava refused to provide proposed redactions to the Amended Complaint or, indeed, even explain its position to the FTC, the FTC is left in the unfortunate position of not knowing whether Kochava believes the Amended Complaint, or a portion thereof, should remain under seal. However, if Kochava's position is that portions of the Amended Complaint should remain under seal, Kochava will bear the burden of overcoming the presumption in favor of access. *See id. See also Simmons v. Battelle Energy Alliance, LLC*, 2016 WL 3552182, at *2 (D. Idaho June 23, 2016) ("A party seeking to seal a judicial record must overcome this presumption [in favor of access] by showing either 'compelling reasons' or 'good

---

[1] It is unclear to what behavior Kochava's counsel was referring, but it appears to be connected to Kochava's demand that it be able to review a draft of the Amended Complaint before it was filed. As with the original Complaint, a majority of FTC Commissioners must vote to authorize staff to file an Amended Complaint. 15 USC § 53(b). FTC staff understands that this vote took place on June 5, 2023, just prior to the FTC filing the Amended Complaint. (Horwitz Decl. ¶¶ 7-8.) Prior to the vote, the Amended Complaint was in draft form and the subject of continued internal discussions and edits. As such, drafts of the Amended Complaint, as well as the internal discussions and editing, are protected by the attorney-client and deliberative process privileges and the work-product doctrine.

cause.'"). Because this motion involves the Amended Complaint, which is the "foundation of [the] lawsuit," Kochava must provide "compelling reasons" to justify any portions of the Amended Complaint remaining under seal. *Beverly Hills Teddy Bear Co. v. GennComm, LLC*, 2020 WL 13200978, *2 (C.D. Cal. Aug. 26, 2020) (internal quotation marks and citations omitted); *Kamakana*, 447 F.3d at 1179.

The compelling reasons standard is a strict one. *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 909 (N.D. Cal. 2020). "Compelling reasons must be 'supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure….'" *Simmons*, 2016 WL 3552182, at *2 (quoting *Kamakana*, 447 F.3d at 1178-79). The Ninth Circuit has explained that "compelling reasons" to seal a document may "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). However, boilerplate or conclusory assertions that something is a trade secret, proprietary, or confidential are insufficient. Kochava must also explain how it would be harmed by the disclosure of the information. *Pac. Fertility Ctr.*, 441 F. Supp. 3d at 908. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

There is no compelling reason why any portion of the Amended Complaint should remain under seal. It does not contain any allegations detailing a "formula, pattern, device or compilation of information" that would give "an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (defining "trade secret"). It does not contain details about "pricing terms, royalty rates, and guaranteed minimum payment terms"

4

of contracts, information the Ninth Circuit has found to meet the "compelling reasons" standard, (*In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. Oct. 28, 2008)) or any information that is analogous. Far from giving "an advantage over competitors" by revealing financial, technical, or other confidential business information, the Amended Complaint makes clear that many of the new facts alleged in the Amended Complaint were broad, high-level sales pitches readily disclosed by Kochava in marketing material or in conversations with potential customers. (*See, e.g.,* Am. Compl. ¶¶ 17, 46, 65, 68, 83, 108.)

Indeed, most, if not all, of the allegations of the Amended Complaint that excerpt or quote from documents Kochava marked as "proprietary" or "highly confidential" only reveal information that Kochava has already made public. For example, Paragraph 51 excerpts from a document that Kochava designated "proprietary" or "highly confidential," yet Kochava brags about its data identifying consumers based on ethnicity in its own online marketing material. (Declaration of Joseph Swindal ¶ 4, attached hereto as Exhibit B.) Kochava cannot assert that information that is already public should remain under seal. *See Simmons*, 2016 WL 3552182, at *3.

### III.    CONCLUSION

The FTC filed its Motion to Seal its Amended Complaint to provide Kochava an opportunity to identify information that the company believes should remain sealed. Kochava refused to do so and, for the reasons explained above, will be unable to meet the exacting standard required to keep the FTC's allegations out of the public domain. The FTC thus respectfully requests that the Court allow the FTC to withdraw its Motion to Seal and unseal its Amended Complaint.

                                    Respectfully submitted,

Dated: June 12, 2023                  /s Brian Shull

                                    BRIAN SHULL
                                    JULIA A. HORWITZ
                                    ELIZABETH C. SCOTT

                                    Attorneys for Plaintiff
                                    FEDERAL TRADE COMMISSION