CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>KOCHAVA INC.,<br><br>  Defendant. | CASE NO. 2:22-cv-00377-BLW<br><br>Judge: Honorable B. Lynn Winmill<br><br>**MOTION TO SEAL**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KOCHAVA INC.'S MOTION TO MAINTAIN AMENDED COMPLAINT UNDER SEAL** |

TO THIS HONORABLE COURT:

Defendant Kochava, Inc. ("Kochava") respectfully requests that this Honorable Court maintain the current seal of Plaintiff's Amended Complaint, which is the subject of a concomitantly-served Rule 11 sanctions motion relative to inflammatory and misleading allegations contained therein.

Kochava has concomitantly served on the FTC, so as to comply with the applicable "safe harbor" period, a Rule 11 motion, demanding the FTC withdraw its improper Amended Complaint, such that Kochava may avoid the filing of said Rule 11 motion. Because the Amended Complaint was filed in violation of Rule 11 for improper purposes, and given the irreversible harm that would otherwise occur were the Amended Complaint to be unsealed

-1-

pending a decision on the Rule 11 motion, this Court should maintain the filing under seal of said Amended Complaint until such time as a decision is made on that motion. There would be no harm in doing so; conversely, the harm to Kochava in unsealing a pleading that is based in fiction would be irreversible given the publicity underlying this matter.

## I. LEGAL STANDARD

The decision of whether to seal this record is in the sound discretion of this Court to be exercised in light of the relevant facts and circumstances of the case. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 & n.7 (1978).

"While protecting the public's interest in access to the courts, [courts] must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Thus, courts find compelling reasons to seal information when, for example, the "'files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598), or where court files may serve "as sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598-99.

## II. ARGUMENT

Compelling reasons exist for sealing the Amended Complaint.

The FTC has litigated this case in the press, sensationalizing what are otherwise benign facts. Indeed, the FTC issued a press release immediately upon filing its original complaint in this matter. Exhibit A. And it made additional statements to the press following this Court's order dismissing the complaint. *See, e.g.*, Exhibit B.

The Amended Complaint itself also includes inflammatory anecdotes, unrelated to Kochava or any Kochava service, that concern incendiary issues intended to inflame prejudice against Kochava. *See* Amended Complaint at ¶ 87 (citing ███████ ███████ ████████████████████████████████ ████████████████████████████████

██████████████████████████████████████████████████████████████);
¶¶104 & 105 (citing ████████████████████████████████████████

████████████████)[1] These anecdotes are presented with no acknowledgement that the data and services involved were not Kochava's. *Id*.

The Amended Complaint also includes misleading allegations, that intentionally conflate separate and distinct services offered by Kochava's to make impossible conclusory assertions about them and to weave a false narrative that Kochava's data and/or conduct is responsible for the disclosure of private information. The FTC lumps these services together in order to weave a groundless parade of horribles with no basis in fact that is fodder for another press release. *See, e.g.*, Amended Complaint at ¶¶ 12, 23, 39, 40, 41, 42. Information about Kochava's services writ large, selected by the FTC and presented without context, paints an incomplete and misleading picture of Kochava's business practices and the operation of its various service offerings. *See Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information under compelling reasons standard in part because "[D]isclosure of this information without context could cause harm to Google by providing an incomplete and misleading picture of Google's practices and capabilities.").

Most egregiously, the Amended Complaint includes known false allegations. As mere examples, the FTC well knows that Kochava's data sets simply do not include information such as medical and health conditions. The FTC is aware that Kochava filters out medical and health data, which Kochava expressly directs data suppliers to exclude from data feeds. And the FTC is aware that, through the implementation of Privacy Block™, Kochava's geolocation data services block receipt of any MAID and associated device data in proximity to locations including, as examples, medical and healthcare facilities, places of worship, and shelters for the unhoused or at risk persons. All of these issues are addressed and factually supported in the contemplated (and served) Rule 11 motion. Nonetheless, the FTC proclaims that Kochava currently tracks identifiable persons to "sensitive locations"—something that Kochava never did (nor has it ever

---

[1] We have redacted to maintain under seal.

-3-

tracked individuals *at all*) and has implemented significant technical safeguards aimed to prevent third parties from doing so.

The Court will evaluate these issues in deciding Kochava's motions to dismiss and for sanctions. There is no public interest served by access to the irrelevant, misleading, and outright false allegations, made with knowledge of their untruth, in Amended Complaint. To the contrary, allowing these assertions into the public record could very well result in the public believing something about Kochava that is not true, particularly since the allegations are made by the government which gives the information an unwarranted appearance of inherent credibility. If the Amended Complaint is allowed into the public record, Kochava will be put at a competitive disadvantage in the marketplace because it will be hindered in its ability to protect its, brand, market share, and reputation. *See, e.g., Darisse v. Nest Labs, Inc.*, 2016 WL 11474174, at *1 (N.D. Cal. June 2, 2016) (sealing material on motion for class certification on finding that disclosure might harm competitive standing).

Disclosure of the Amended Complaint would lead to improper use of the information for, *e.g.*, "libelous purposes." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.16 (9th Cir. 2009) (internal quotation marks omitted) (noting that relevant factors to consider in deciding whether there are compelling reasons to seal include "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes"); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements…").

### III.   CONCLUSION

Kochava respectfully requests that the Amended Complaint be maintained under seal and the Court hold in abeyance a decision as to the unsealing pending either the withdrawal by the FTC or the Court's decision on Kochava's motion for sanctions under Rule 11.

-5-

Dated: June 27, 2023								Respectfully submitted,

								By:	*/s/ Craig J. Mariam*
									Craig J. Mariam
									GORDON REES SCULLY MANSUKHANI, LLP
									999 W. Main Street, Suite 100
									Boise, ID 83702
									(208) 489-9095
									*cmariam@grsm.com*

									**Attorneys for Defendant Kochava Inc.**