BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KOCHAVA INC., corporation,<br><br>　　　　Defendant. | **Case No. 2:22-cv-00377-BLW**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL** |

## I. INTRODUCTION

Federal Rule of Civil Procedure 8 requires a party to state any affirmative defense in response to a pleading. The purpose of this requirement is to give plaintiffs fair notice of defenses being alleged. *See Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, at *2 (C.D. Cal. April 2, 2013). It is not an opportunity to plead a "laundry list of every possible defense … that a defendant may have to *any* action whatsoever." *APL Co. PTE. Ltd. v. Valley Forge Ins. Co.*, 2011 WL 5101708, at *1 (N.D. Cal. Feb. 24, 2011) (emphasis in original).

Yet that is precisely what Defendant Kochava Inc. ("Kochava") did in its Answer to the Federal Trade Commission's ("FTC") Amended Complaint ("Answer") [Dkt. 73]. Indeed, many of the purported "affirmative defenses" alleged by Kochava are not affirmative defenses at all or are wholly inapplicable to this action. Moreover, *every* purported affirmative defense in Kochava's Answer fails to meet the requisite pleading standard.

In addition, Kochava's request for a jury demand in its Answer is improper in this action. The FTC's action sounds in equity, making a jury trial unavailable.

For these reasons, and as explained further below, the Court should strike all of Kochava's affirmative defenses in the Answer, including striking Affirmative Defenses numbered 1-4, 7-8, 12, 14-22, 24-31 with prejudice. The Court should also strike Kochava's request for a jury trial. Striking Kochava's improper affirmative defenses and jury demand now will narrow the issues going forward, conserving resources of both the Court and the parties.

## II. LEGAL STANDARD

An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Precise Innovations*, *LLC v. Aerospace Eng'g & Support, Inc.*, 2022 WL 834632, at *3

1

(D. Idaho Mar. 21, 2022) (quotation omitted). Federal Rule of Civil Procedure 12(f) allows a court "to strike from a pleading an insufficient defense." *Precise Innovs.*, 2022 WL 834632, at *4 (quoting Fed. R. Civ. P. 12(f)). The purpose of such an action is to "avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Precise Innovs.*, 2022 WL 834632, at *4 (quotation omitted).

"A defense may be insufficient as a matter of law or as a matter of pleading." *Precise Innovs.*, 2022 WL 834632, at *4. As this Court has recently explained, to be sufficient as a matter of pleading, "most district courts in [the Ninth Circuit] agree that the heightened pleading standard of *Twombly* and *Iqbal* … is now the correct standard to apply to affirmative defenses." *Id.* (quotation omitted) (alterations in original). Accordingly, each of a defendant's "affirmative defenses must contain sufficient factual matter to state a defense that is plausible on its face." *Id.* (quotations omitted).

### III. ARGUMENT

**1. Each Asserted Affirmative Defense Fails as a Matter of Pleading**

Under the standards set forth in *Twombly* and *Iqbal*, Kochava's affirmative defenses must contain sufficient factual allegations to be plausible on their face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Precise Innovs.*, 2022 WL 834632, at *4. Yet Kochava's affirmative defenses are nothing more than a "bland recitation[] of the names of the defenses with no factual detail provided at all." *Precise Innovs.*, 2022 WL 834632, at *4 (internal quotation omitted); *see also Intermountain Fair Hous. Council, Inc. v. Glenbrook Apartments*, 2013 WL 5876309, at *1 (D. Idaho Oct. 31, 2013) ("Rather, as the Court has recently held, if affirmative defenses contain no detail whatever, they fail to satisfy even the lesser pleading standard set prior to *Twombly* and *Iqbal*.").

Indeed, Kochava's asserted affirmative defenses are precisely the type of barebones pleading that this Court has previously rejected. For example, Affirmative Defense 15 states, "The claims of Plaintiff are barred in whole or in part by the doctrine of laches" – the same wording that this Court found insufficient to meet the pleading standard in a prior case. *See Intermountain Fair Hous. Council*, 2013 WL 5876309, at *1 (striking as insufficient the defense that "[t]he Plaintiff's claims are barred, in whole or in part, by the doctrine of laches") (alteration in original). Every other affirmative defense is similarly deficiently pled – Kochava simply lists the names of legal doctrines, defenses, or theories without providing *any* factual support. This is insufficient to meet Kochava's pleading burden. *See FTC v. Loss Mitigation Servs.*, 2010 WL 11519447, at *2 (C.D. Cal. Feb. 17, 2010) (striking defenses that were "pled summarily with mere reference to a doctrine and fail to provide any facts that would put the FTC on notice of the nature of the claim"); *c.f. Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Kochava's pleading failures prejudice the FTC. The FTC does not have fair notice of the purported defenses necessary to conduct discovery and prepare to litigate them. *See, e.g., Frickey v. Concora Credit Inc.*, 2024 WL 449362, at *2 (D. Idaho Feb. 4, 2024) (noting that "the purpose of Rule 8(a)(2)'s pleading requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests") (internal quotation marks omitted). For example, for Affirmative Defense 13, Kochava asserts a barebones "Statute of Limitations" defense. But the FTC Act, under which the FTC brings this action, does not contain a statute of limitations. The FTC is thus left to only guess at what statute Kochava asserts applies here. *See FTC v. N. Am. Mktg. & Assoc., LLC*, 2012 WL 5034967, at *3 (D. Ariz. Oct. 18, 2012) (holding that simply asserting a statute of limitations defense without identifying the applicable statute "does not provide fair notice to Plaintiff"). Likewise, in Affirmative Defense 23 (Compliance with

3

Obligations), Kochava asserts it has complied with "applicable state and federal statutes." Yet Kochava nowhere explains what those statutes are, what obligations they impose, or how Kochava has complied with them. Without such information, the FTC is unable to develop evidence evaluating or contradicting this assertion. Each of Kochava's asserted affirmative defenses suffers from the same fatal flaws.

Because each of Kochava's affirmative defenses fails to satisfy any cognizable pleading standard, let alone the applicable standard set by *Twomby* and *Iqbal*, the Court should strike each of the affirmative defenses from the Answer.

### 2. Most of Kochava's Affirmative Defenses Also Fail as a Matter of Law

In addition to a wholesale failure to meet the requisite pleading standard, most of Kochava's affirmative defenses fail as a matter of law. Specifically, Affirmative Defenses 1-4, 7-8, 12, 14-22, 24-31 are legally deficient. In order to preserve the parties' and Court's resources, the Court should strike these affirmative defenses with prejudice.

Each of these affirmative defenses fails as a matter of law because of at least one of three reasons: 1) they do not meet the definition of an affirmative defense; 2) they are not available against a government agency pursuing a public right; or 3) the defenses are not available in this action, which sounds in equity, not contract or tort.

#### a. Kochava's Affirmative Defenses 1-4, 12, 17, 20, 24-31 Are Not Affirmative Defenses

As noted, a proper affirmative defense is one that negates a plaintiff's action even if the plaintiff proves each element of its claim. It is not a vehicle for factual disagreements or denials. *See, e.g., McKinney-Drobnis v. Massage Envy Franchising, LLC,* 2017 WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.…Rather, such a defense is merely rebuttal against the

4

evidence to be presented by the plaintiff and, consequently, when pleaded as an affirmative defense, is redundant and, as such, subject to being stricken so as to simplify and streamline the litigation.") (cleaned up). Yet many of Kochava's asserted affirmative defenses simply state factual contentions designed to disprove elements of the FTC's claim. For example, the purported Affirmative Defenses 1, 2, and 25 assert, under different names, consumers' purported consent to Kochava's practices. However, consent is a factual question. S*ee, e.g., Corley v. Google, Inc.*, 316 F.R.D. 277, 284–85 (N.D. Cal. 2016) ("Consent may be either express or implied, but both express and implied consent are questions of fact."); *see also* Am. Compl. [Dkt. 26] ¶ 63 ("Consumers do not consent to this collection or disclosure by Kochava."). For the same reason, purported Affirmative Defenses 17, 26, 28, and 29, which all assert, under different names, that Kochava provided sufficient notice to consumers also fail to meet the definition of valid affirmative defenses. *See FTC v. Kochava Inc.,* 671 F. Supp. 3d 1161, 1176 (D. Idaho 2023) ("At this stage, the FTC has adequately alleged that consumers lack the information necessary to make informed choices and avoid the harms allegedly caused by Kochava's practices."); *see also* Am. Compl. ¶ 55 ("Indeed, consumers do not know that Kochava has collected their information or is disclosing it to third parties.")

Finally, Affirmative Defense 24 (Information Publically Available), is another factual question to be considered as part of the FTC's claim that Kochava's actions caused substantial injury that was not outweighed by other benefits or reasonably avoidable by consumers. For example, the FTC alleges, "The data Kochava collects, uses, and discloses provides a comprehensive picture of consumers' private lives, both online and offline, which cannot be obtained through physical observation in public spaces." Am. Compl. ¶ 88. Kochava's assertion about the availability of this information goes to elements of the FTC's core allegation and is not

5

a defense that "precludes liability even if all of the elements of the plaintiff's claim are proven." *Precise Innovs.*, 2022 WL 834632, at *3. Rather, it is a potential factor in evaluating the elements.

Other purported affirmative defenses asserted by Kochava likewise are not defenses. Affirmative Defenses 3 and 4 raise purported lack of standing. But "[l]ack of standing is not an affirmative defense; it is a jurisdictional requirement." *U.S. v. Acad. Mort. Corp.*, 2020 WL 7056017, at *4 (N.D. Cal. Dec. 2, 2020). Affirmative Defenses 27 (No Attorneys' Fees) and 30 (Speculative and/or Uncertain Relief Sought) do not preclude liability at all – rather they are arguments about limitations of relief *after* a finding of liability. *See, e.g., Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action."). Finally, courts routinely reject reservations of defenses, as asserted in Affirmative Defense 31, as improper. *See, e.g., N. Am. Mktg.*, 2012 WL 5034967, at *3 (rejecting "Defendants' reservation of the right to allege additional affirmative defenses").

Lastly, the Court has already rejected, twice now, Kochava's arguments that it is not responsible for violations of the FTC Act because any injury was caused by other parties. *FTC v. Kochava, Inc.*, 2024 WL 449363, at *4 n.3 (D. Idaho Feb. 3, 2024). Yet Kochava again raises this argument as Affirmative Defenses 12 (Conduct of Other Parties), and 20 (Intervening and Superseding Causes), and, for the same reasons as already set forth by the Court, these affirmative defenses are not viable. *Id.*; *see also FTC v. Student Advocs. Team, LLC*, 2020 WL 2748316, at *3 (C.D. Cal. Apr. 8, 2020) ("The Court finds that the FTC has shown that these defenses could not succeed under any set of circumstances, because proximate cause and the

6

conduct of third parties are not elements of a Section 5 violation."").

Because none of these defenses meets the definition of affirmative defense used by courts in this Circuit, the Court should strike Affirmative Defenses 1-4, 12, 17, 20, 24-31 with prejudice.

### b. Affirmative Defenses 7-8, 14-15, and 21-22 Are Not Available in a Government Enforcement Action

The FTC brings this action as a federal regulator enforcing a public right. As such, the affirmative defenses available to Kochava against the FTC are limited. Specifically, Affirmative Defenses 21-23 (all relating to indemnity) are not available in this action as a matter of law. *See FTC v. Green Equitable Sols.*, 2023 WL 7107273, at *3 (C.D. Cal. Sept. 29, 2023) ("Courts … disallow specifically crossclaims for indemnification in enforcement actions brought by the FTC."). As to Affirmative Defenses 8 (Estoppel), 14 (Unclean Hands), and 15 (Laches), "[f]ederal courts have routinely held that estoppel, laches, and unclean hands are not recognized affirmative defenses against the government in a civil suit to protect a public interest, absent outrageous conduct. *Id*. at *2; *see also FTC v. Am. Tax Relief, LLC*, 2011 WL 13135578, at *1 (C.D. Cal. Oct. 19, 2011). "Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985). No such facts have been pled here, nor could they be. And, finally, Affirmative Defense 7 (Waiver) by the federal government "requires proof of an intentional relinquishment of sovereign authority." *Green Equitable*, 2023 WL 7107273, at *2. Kochava has not pled such a relinquishment, nor will it be able to.

Because Affirmative Defenses 7-8, 14-15, and 21-22 are not available in government enforcement actions generally or in this action specifically, the Court should strike these

defenses with prejudice.

### c. Because This Action Sounds in Equity, Affirmative Defenses 16 and 18-19 Are Not Available

The FTC brings this action pursuant to Section 13(b) of the FTC Act and seeks only equitable relief, and, as such, the action sounds in equity. *See Forensic Case Mgmt. Servs.*, 2012 WL 13134767, at *2. Therefore, affirmative defenses asserted by Kochava that are rooted in tort doctrines such as negligence (Affirmative Defenses 18 (Comparative Negligence) and 19 (Contributory Negligence)) or damages (Affirmative Defense 16 (Failure to Mitigate)) are irrelevant to this action. *See, e.g., Tenn. v. Ideal Horizon Benefits, LLC*, 2023 WL 6064529, at *4 (E.D. Tenn. Aug. 22, 2023) (contributory negligence and comparative fault affirmative defenses should be stricken because, among other reasons, "Plaintiffs are not asserting any claims in tort against Defendants"); *Pough v. DeWine*, 2022 WL 2437140, at *4 (S.D. Ohio July 5, 2022) ("Plaintiff has not sued Defendants for negligence. Therefore, this affirmative defense [contributory negligence] is legally deficient….").

Because Affirmative Defenses 16 and 18-19 sound in tort and contract law, the Court should strike these defenses with prejudice.

### 3. A Jury Trial Is Not Available in this Action

The FTC seeks solely equitable relief in this matter in the form of a permanent injunction against Kochava.[1] "As the FTC's claims and the relief it seeks are equitable in nature, the Seventh Amendment does not guarantee the Defendants a right to trial by jury." *FTC v. Zycal Bioceuticals Healthcare Co., Inc.*, 2021 WL 11604880, at *2 (D. Mass. Mar. 16, 2021); *Loss*

---

[1] The FTC also asks for "any additional relief as the Court determines to be just and proper." But because this action sounds in equity, any such relief would be limited to the Court's equitable powers. *See Loss Mitig. Servs.*, 2010 WL 11519447, at *4 (concluding that a court's authority to grant equitable relief under Section 13(b) of the FTC Act encompasses the authority to grant ancillary equitable relief).

*Mitig. Servs.*, 2010 WL 11519447, at *4 ("[T]he Court finds that the remedy sought in this action is equitable in nature and Defendant is not afforded a right to jury trial.") In such situations, courts routinely strike defendants' requests for jury trials. *See FTC v. On Point Global LLC*, 2020 WL 4505811, at *2 (S.D. Fla. Aug. 4, 2020) ("For this reason, many courts have stricken jury trial demands for lawsuits brought under Section 13(b)."); *see also FTC v. Elec. Payment Sol. of Am. Inc.*, 2018 WL 3648409, at *7 (D. Ariz. Aug. 1, 2018); *Am. Tax Relief*, 2011 WL 13135578, at *1. This Court should do the same.

## IV. CONCLUSION

For the foregoing reasons, the FTC respectfully requests the strike all of Kochava's affirmative defenses, strike Affirmative Defenses 1-4, 7-8, 12, 14-22, and 24-31 with prejudice, and strike Kochava's request for a jury trial.

Respectfully submitted,

Dated: March 26, 2024         /s Brian Shull

BRIAN SHULL
JULIA A. HORWITZ
ELIZABETH C. SCOTT

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION