CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Defendant
KOCHAVA INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | CASE NO. 2:22-cv-00377-BLW |
| | ) | |
| Plaintiff, | ) | Honorable B. Lynn Winmill |
| | ) | |
| vs. | ) | **OPPOSITION TO MOTION TO** |
| | ) | **STRIKE AFFIRMATIVE** |
| KOCHAVA INC., corporation | ) | **DEFENSES AND REQUEST FOR** |
| | ) | **JURY TRIAL [DKT. 79]** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................... 1

II.    LEGAL STANDARD ............................................................................... 1

III.   ARGUMENT ........................................................................................... 2

     A.     Motions to Strike Are Disfavored.......................................................... 2

     B.     Kochava's Answer Satisfies the Applicable Pleading Standard............................ 3

          1.      *Twombly* and *Iqbal* Do Not Apply to Affirmative Defenses ..................... 3

          2.      Kochava Has Given the FTC Fair Notice of Its Affirmative Defenses .................................................................................. 7

     C.     Kochava's Affirmative Defenses 1-4, 12, 17, 20, and 24-31 Are Properly Pled and Do Not Cause the FTC Any Prejudice...................................... 8

     D.     Kochava's Affirmative Defenses 7-8, 14-15, and 21-22 Are Properly Pled and Do Not Cause the FTC Any Prejudice............................................. 12

     E.     Kochava's Affirmative Defenses 16 and 18-19 Are Properly Pled and Do Not Cause the FTC Any Prejudice........................................................ 14

     F.     Kochava Has a Right to a Trial by Jury................................................. 15

     G.     Kochava Should be Granted Leave to Amend If this Court Grants Any Part of the FTC's Motion ................................................................ 16

IV.   CONCLUSION........................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acacia Corporate Management, LLC v. United States*,
    No. 07:CV-1129, 2008 WL 191029 (E.D. Cal. Jan. 22, 2008)...................................................3

*In re Adbox, Inc.*,
    488 F.3d 836 (9th Cir. 2007) .................................................................................................6

*Allen v. Woodford*,
    No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587 (E.D. Cal. 2006)..................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................3, 4, 5, 6

*Aubin Indus., Inc. v. Caster Concepts, Inc.*,
    No. 2:14-CV-02082-MCE, 2015 WL 3914000 (E.D. Cal. June 25, 2015) .............................4

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*,
    No. SACV 11–00468–JST (Ex), 2011 WL 3438873 (C.D. Cal. Aug. 5, 2011).......................4

*Bassiri v. Xerox Corp.*,
    292 F.Supp.2d 1212 (C.D. Cal. 2003) ...................................................................................2

*Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec, Inc.*,
    2007 WL 2070355 (S.D. Cal. July 12, 2007) .........................................................................7

*Beacom v. EEOC*,
    500 F.Supp. 428 (D. Ariz. 1980) ........................................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................3, 4, 5, 6

*Bobbitt v. Victorian House, Inc.*,
    532 F.Supp. 734 (1982) ......................................................................................................10

*Body v. Avanquest N. Am. Inc.*,
    No. 12-CV-04391-WHO, 2014 WL 7183988 (N.D. Cal. Dec. 16, 2014)...............................3

*Boumediene v. Bush*,
    553 U.S. 723 (2008)..............................................................................................................5

*Brewer v. Salyer*,
    2007 WL 2505573 (E.D. Cal. Aug. 31, 2007) ........................................................................8

*Brown v. San Diego State University Found.*,
　No. 13–cv–2294, 2015 WL 4545857 (S.D. Cal. July 28, 2015)............................................15

*California Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
　217 F. Supp. 2d 1028 (C.D. Cal. 2002) ...............................................................................11

*Colaprico v. Sun Microsystems, Inc.*,
　758 F. Supp. 1335 (N.D. Cal. 1991) ......................................................................................2

*Corniel- Rodriguez v. INS*,
　532 F.2d 301 (2d Cir. 1976).................................................................................................14

*Dahhane v. Stanton*,
　No. 15–1229, 2015 WL 5009642 (D. Minn. 2015) ..............................................................15

*Dairy Queen, Inc. v. Wood*,
　(1962) 369 US 469................................................................................................................16

*Davis v. Ruby Foods, Inc.*,
　269 F.3d 818 (7th Cir. 2001) ...............................................................................................10

*Doe v. United States*,
　58 F.3d 494 (9th Cir. 1995) .................................................................................................16

*Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*,
　No. SA CV 11-1161 DOC, 2012 WL 177576 (C.D. Cal. Jan. 20, 2012)........................4, 8, 11

*F.D.I.C. v. Gladstone*,
　44 F. Supp.2d 81 (D. Mass 1999) ...................................................................................12, 13

*Falash v. Inspire Acads., Inc.*,
　No. 1:14-CV-00223-REB, 2015 WL 4656505 (D. Idaho Aug. 6, 2015) ..........................11, 15

*Fantasy, Inc. v. Fogerty*,
　984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) .......................10

*Fed. Trade Comm'n v. Directv, Inc.*,
　No. 15-CV-01129-HSG, 2015 WL 9268119 (N.D. Cal. Dec. 21, 2015) ...............................12

*Federal Trade Commission v. Golden Empire Mortgage, Inc.*,
　No. 2:09-CV-03227, 2009 WL 4798874 (C.D. Cal. 2009) .......................................................3

*FTC v. Braswell*,
　No. CV 03-3700 DT (C.D. Cal. No. 10, 2003)......................................................................14

*FTC v. Hang-Ups Art Enterprises, Inc.*,
　No. CV 95-cv-0027-RMT-JGX, 1995 WL 914179 (C.D. Cal. Sept. 27, 1995)................12, 13

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL
[DKT. 79]

*FTC v. Medicor,*
2001 WL 765628 (C.D. Cal. June 26, 2001) .......................................................13

*FTC v. Student Advocs. Team, LLC,*
2020 WL 2748316 (C.D. Cal. April 8, 2020) .......................................................15

*Gen-Probe Inc. v. Becton Dickinson and Co.,*
2010 WL 4442731 (S.D. Cal. 2010) .......................................................................7

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.,*
313 F.R.D. 572 (N.D. Cal. 2016) ............................................................................1

*Hernandez v. Balakian,*
480 F.Supp.2d 1198 (E.D. Cal. 2007)......................................................................3

*Holmes v. Elec. Document Processing, Inc.,*
966 F. Supp. 2d 925 (N.D. Cal. 2013) .....................................................................2

*Illinois Union Ins. Co. v. Intuitive Surgical, Inc.,*
179 F. Supp. 3d 958 (N.D. Cal. 2016) ...................................................................15

*Jones v. Bock,*
549 U.S. 199 (2007)..................................................................................................8

*Juracek v. City of O'Fallon, Illinois,*
2007 WL 4225591 (S.D. Ill. 2007) ..........................................................................8

*Kohler v. Bed Bath & Beyond of Cal., LLC,*
No. CV 11-4451 RSWL SPX, 2012 WL 424377 (C.D. Cal. Feb. 8, 2012) ............9

*Kohler v. Big 5 Corp.,*
No. 2:12-CV-00500-JHN, 2012 WL 1511748 (C.D. Cal. Apr. 30, 2012) ...............9

*Kohler v. Flava Enterprises, Inc.,*
779 F.3d 1016 (9th Cir.2015) ..................................................................................4

*Kohler v. Islands Restaurants, LP,*
280 F.R.D. 560 (S.D. Cal. 2012) .........................................................................5, 9

*Kohler v. Staples the Off. Superstore, LLC,*
291 F.R.D. 464 (S.D. Cal. 2013) .............................................................................4

*Lane v. Page,*
272 F.R.D. 581 (D.N.M. 2011)..............................................................................6, 7

*LeDuc v. Kentucky Cent. Life Ins. Co.,*
814 F. Supp. 820 (N.D. Cal. 1992) ..........................................................................2

-v-

*Lirtzman v. Spiegel, Inc.*,
    493 F. Supp. 1029 (N.D. Il. 1980) ........................................................10

*Mag Instrument, Inc. v. JS Prods.*,
    595 F. Supp. 2d 1102 (C.D. Cal. 2008) ...................................................7

*McBurney v. Lowe's Home Centers, LLC*,
    No. 1:13-CV-00540-ELJ, 2014 WL 2993087 (D. Idaho July 2, 2014) ...........................10, 11

*Miller v. Ghirardelli Chocolate Co.*,
    No. C 12-04936 LB, 2013 WL 3153388 (N.D. Cal. 2013) ....................................11

*Miller v. Rykoff-Sexton, Inc.*,
    845 F.2d 209 (9th Cir. 1988) ...............................................................12

*Mireles v. Paragon Sys. Inc.*,
    No. 3:13-CV-00122, 2013 WL 3450090 (S.D. Cal. July 9, 2013) ...........................3

*Morrison v. Mahoney*,
    399 F.3d 1042 (9th Cir. 2005) ........................................................1, 6, 9

*Mukherjee v. I.N.S.*,
    793 F.2d 1006 (9th Cir. 1986) ...............................................................13

*N.L.R.B. v. P*I*E Nationwide, Inc.*,
    894 F.2d 887 (7th Cir. 1990) ................................................................13

*N.Y. City Employees' Ret. Sys. v. Berry*,
    667 F. Supp. 2d 1121 (N.D. Cal. 2009) ................................................3, 10

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
    No. SACV1502034JVSJCGX, 2016 WL 11520759 (C.D. Cal. Nov. 3, 2016) ....................4

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*,
    No. SACV 13-749-JST JPRX, 2013 WL 3776337 (C.D. Cal. July 17, 2013) ..................4

*Pauly v. United States Dept. of Agri.*,
    348 F.3d 1143 (9th Cir. 2003) ...............................................................13

*Platte Anchor Bolt*,
    352 F. Supp. 2d 1048 (N.D. Cal. 2004) ......................................................1

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) .....................................................16

*Quintana v. Baca*,
    233 F.R.D. 562 (C.D. Cal. 2005) .............................................................2

*Republic of Ecuador v. Mackay*,
742 F.3d 860 (9th Cir. 2014) ....................................................................4

*Resolution Trust Corp. v. Vanderweele*,
833 F. Supp. 1383 (N.D. Ind. 1993) .......................................................13

*Rivers v. Cnty. of Marin*,
No. C 05-4251, 2006 WL 581096 (N.D. Cal. Mar. 7, 2006)....................10

*Rockwell Automation, Inc. v. Beckhoff Automation*,
LLC, No. 2:13-CV-01616-RCJ, 2014 WL 2459604 (D. Nev. May 30, 2014)........................6

*Rosales v. Citibank*,
133 F.Supp.2d 1177 (N.D. Cal. 2001) .......................................................3

*Schutte & Koerting, Inc. v. Swett & Crawford*,
298 F. App'x 613 (9th Cir. 2008) ...............................................................4

*S.E.C v. McCarthy*,
322 F.3d 650 (9th Cir. 2003) ......................................................................5

*S.E.C. v. Sands*,
902 F. Supp. 1149 (C.D. Cal. 1995) ........................................1, 2, 12, 13

*San Diego Unified Port Dist. v. Monsanto Co.*,
309 F. Supp. 3d 854 (S.D. Cal. 2018) ........................................................9

*SEC v. Gendarme Capital Corp., et al.*,
No. 2:11-CV-00053-KJM-KJN, 2012 WL 346457 (E.D. Cal. 2012)........................2

*Silva v. Di Vittorio*,
658 F.3d 1090 (9th Cir. 2011) ..................................................................16

*Simmons v. Navajo Cty., Ariz.*,
609 F.3d 1011 (9th Cir. 2010) ...........................................................3, 4, 7

*Smith v. Wal-Mart Stores*,
No. C 06-2069 SBA, 2006 WL 2711468 (N.D. Cal. Sept. 20, 2006)........................8

*Solis v. Couturier*,
No. 208-CV-02732-RRB-GGH, 2009 WL 3055207 (E.D. Cal. Sept. 17, 2009) ....................9

*Stephenson v. Davenport Community School Dist.*,
110 F.3d 1303 (8th Cir. 1997) ....................................................................9

*In re Sterten*,
546 F.3d 278 (3d Cir. 2008)........................................................................7

*Touche v. Price Bros. Co.*,
    5 F. Supp. 2d 341 (D. Md. 1998) ........................................................................10

*Tull v. United States*,
    481 U.S. 412 (1987) ............................................................................................16

*Tyco Fire Products LP v. Victaulic Co.*,
    777 F. Supp. 2d 893 (E.D. Pa. 2011) ...............................................................6, 7

*U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*,
    348 Fed. App'x 208 (9th Cir. 2009) ...................................................................4

*U.S. v. Iron Mountain Mines, Inc.*,
    812 F. Supp. 1528 (E.D. Cal. 1992).....................................................................2

*United States v. 729.773 Acres of Land, More or Less, Situated in City and*
    *County of Honolulu*,
    531 F. Supp. 967 (D. Haw. 1982) ........................................................................2

*United States v. Am. Elec. Power Serv. Corp.*,
    218 F. Supp.2d 931 (S.D. Ohio 2002) ...............................................................13

*Venters v. City of Delphi*,
    123 F.3d 956 (7th Cir. 1997) .............................................................................12

*Vistan Corp. v. Fadei USA, Inc.*,
    No. C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) (Spero, J.).........................7

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    517 F. Supp. 3d 994 (N.D. Cal. 2021) ...............................................................12

*Watkins v. U.S. Army*,
    875 F.2d 699 (9th Cir. 1989) .............................................................................12

*Weintraub v. L. Off. of Patenaude & Felix, A.P.C.*,
    299 F.R.D. 661 (S.D. Cal. 2014) .........................................................................4

*Woodfield v. Bowman*,
    193 F.3d 354 (5th Cir. 1999) ...............................................................................7

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979) ...........................................................................3, 7

*Yoo v. INS*,
    534 F.2d 1325 (9th Cir. 1976) ...........................................................................14

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL
[DKT. 79]

**Rules**

Fed. R. Civ. P. 8 .................................................................................5, 6, 8

Fed. R. Civ. P. 8(a) ...................................................................................5

Fed. R. Civ. P. 8(a)(2) ..............................................................................5

Fed. R. Civ. P. 8(b) ..................................................................................5

Fed. R. Civ. P. 8(b)(1) ..............................................................................4

Fed. R. Civ. P. 8(c) ........................................................................... *passim*

Fed. R. Civ. P. 8(c)(1) ...........................................................................5, 8

Fed. R. Civ. P. 12(a)(1) .............................................................................6

Fed. R. Civ. P. 12(b) .................................................................................9

Fed. R. Civ. P. 12(f) .............................................................................3, 10

Fed. R. Civ. P. 12(g) .................................................................................9

Fed.R.Civ.P. 12(h)(1) ..............................................................................11

Fed. R. Civ. P. 12(h)(2)(A) .......................................................................8

Fed. R. Civ. P. 26(d) .................................................................................6

Fed. R. Civ. P. 26(f) .................................................................................6

Fed. R. Civ. P. 38 ...................................................................................15

Fed. R. Civ. P. 38(a) ...............................................................................15

**Constitutional Provisions**

U.S. Const. amend. VI ........................................................................15, 16

**Other Authorities**

5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1271 (4th ed. 2023) ................................8

5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2024) ................................2

## I.    INTRODUCTION

Kochava's affirmative defenses—which are well-established—give the FTC "fair notice" of the defenses Kochava will raise, which is exactly what is required.  In this respect, Kochava's defenses satisfy the only pleading standard the Ninth Circuit Court of Appeals has ever applied to affirmative defenses and, more importantly, the only standard contemplated by the Federal Rules of Civil Procedure.  The defenses that the Federal Trade Commission ("FTC") seeks to strike on the basis that they "do not meet the definition of an affirmative defense" are properly included within Kochava's Answer and do not cause the FTC to suffer any prejudice.

The FTC fails to show that Kochava's defenses (including those which the FTC concedes are valid affirmative defenses but nonetheless argues are inapplicable to this action) could not apply under *any* set of circumstances in this case – which is the standard to grant the FTC's motion.  *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).[1]  The FTC's pejorative characterization of Kochava's "laundry list" of affirmative defenses misses the point that a defendant is *required* to assert every applicable defense in its responsive pleading, to avoid waiver of same.  *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived").

## II.    LEGAL STANDARD

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016) (quoting *Platte Anchor Bolt*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  If, after applying this standard review, "there is *any* doubt whether the portion to be stricken *might* bear on an issue in the litigation, the court should

---

[1] The FTC also misleads the Court by arguing certain defenses are not available in government enforcement actions.  *See* Mtn. at § III.2.b ("Affirmative Defenses 7-8, 14-15, and 21-22 Are Not Available in a Government Enforcement Action"); *see also* ECF No. 12-1 at p.3 (describing this case as an "enforcement action").  This is a civil action in federal court, not an administrative enforcement action.

deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013)(emphasis added); *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed'"); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (motions to strike should "generally not [be] granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation").

## III.   ARGUMENT

### A.   Motions to Strike Are Disfavored

The inherent hypocrisy of filing an adversarial motion in the purported name of minimizing disputes and conserving resources, among other considerations, has led to the well-established disfavor of motions to strike amongst federal courts, including those in the Ninth Circuit.  5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2024); *see also SEC v. Gendarme Capital Corp., et al.*, No. 2:11-CV-00053-KJM-KJN, 2012 WL 346457, *1 (E.D. Cal. 2012) ("motions to strike are disfavored and infrequently granted"); *Allen v. Woodford*, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587, *20 (E.D. Cal. 2006); *Bassiri v. Xerox Corp.*, 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("[m]otions to strike are generally regarded with disfavor"); *U.S. v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) ("a motion to strike an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense"); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (motions to strike must not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); *United States v. 729.773 Acres of Land, More or Less, Situated in City and County of Honolulu*, 531 F. Supp. 967, 971 (D. Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor").

In explaining the prevailing hostility towards motions to strike, numerous district courts

in this Circuit have observed that such motions are "so often used as delaying tactics" rather than as legitimate mechanisms for preserving resources. *Federal Trade Commission v. Golden Empire Mortgage, Inc.,* No. 2:09-CV-03227, 2009 WL 4798874, *3 (C.D. Cal. 2009); *see also Hernandez v. Balakian*, 480 F.Supp.2d 1198 (E.D. Cal. 2007) (describing motions to strike affirmative defenses as having a "dilatory and often harassing character"); *Mireles v. Paragon Sys. Inc.*, No. 3:13-CV-00122, 2013 WL 3450090, *1 (S.D. Cal. July 9, 2013) (citing *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001)); *Acacia Corporate Management, LLC v. United State*s, No. 07:CV-1129, 2008 WL 191029, *5 (E.D. Cal. Jan. 22, 2008); *see also N.Y. City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)' where the moving party cannot adequately demonstrate prejudice"); *Body v. Avanquest N. Am. Inc.*, No. 12-CV-04391-WHO, 2014 WL 7183988, at *5 (N.D. Cal. Dec. 16, 2014) (denying motion to strike that "needlessly caused the expenditure of time and money" because the movant "showed no prejudice from leaving the pleading as is," such that granting the motion would be a "meaningless, wasteful act").

The FTC disregards the Ninth Circuit's clear guidance, instead asking the Court to make a premature determination that Kochava's affirmative defenses fail as a matter of law.  As further demonstrated below, they do not.

### B.      Kochava's Answer Satisfies the Applicable Pleading Standard

#### 1.      *Twombly* and *Iqbal* Do Not Apply to Affirmative Defenses

The FTC's motion to strike argues that all of Kochava's affirmative defenses are "insufficient" under Rule 12(f) because they fail to satisfy the "plausibility" pleading standard the Supreme Court articulated for complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In the years since the Supreme Court decided *Iqbal*, the Ninth Circuit Court of Appeals has not once held that affirmative defenses must satisfy this standard.  Indeed, notwithstanding *Twombly's* and *Iqbal's* existence, the Ninth Circuit has continued to apply *Wyshak's* "fair notice" pleading standard.  *See, e.g., Simmons v.*

*Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 348 Fed. App'x 208, 210 (9th Cir. 2009); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008).

Although this Court has previously stated that a "majority" of district courts require affirmative defenses to meet *Twombly's* and *Iqbal's* heightened pleading standard, many district courts in the Ninth Circuit have rejected this approach. *See, e.g.*, *Aubin Indus., Inc. v. Caster Concepts, Inc.*, No. 2:14-CV-02082-MCE, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015) (relying on *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir.2015), which held that "fair notice" only required describing the defense in "general terms") *Weintraub v. L. Off. of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665 (S.D. Cal. 2014) (relying on fair notice requirement discussed in *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)); *see also Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SA CV 11-1161 DOC, 2012 WL 177576, at *3 (C.D. Cal. Jan. 20, 2012) ("While each affirmative defense is a standard defense set forth in the plainest of terms, the Court finds this sufficient under Rules 8(b)(1) and 8(c), especially given the fact that this method of pleading affirmative defenses is set forth in the exemplar text of Rule 8(c)"); *Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013) ("this Court declines to extend the *Twombly/ Iqbal* pleading standards to affirmative defenses"); *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11–00468–JST (Ex), 2011 WL 3438873, at *5–6 (C.D. Cal. Aug. 5, 2011) (defendant notified plaintiff of its affirmative defenses, which, while boilerplate, sufficed at the outset of the case); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV1502034JVSJCGX, 2016 WL 11520759, at *4 (C.D. Cal. Nov. 3, 2016) ("the notice standard is low for well-established defenses"); *Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *3 (C.D. Cal. July 17, 2013) ("[f]or well-established defenses, merely naming them may be sufficient").

Textually, the extension of *Twombly* and *Iqbal to* affirmative defenses is not justified. The Federal Rules of Civil Procedure should be interpreted using the "traditional tools of

statutory construction." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014).

Among those tools is the "well-established canon ... that the use of different words or terms

within a statute demonstrates that Congress intended to convey a different meaning for those

words." *S.E.C v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003); *see also Boumediene v. Bush*,

553 U.S. 723, 778 (2008) ("[W]here Congress includes particular language in one section of a

statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion"). Without question, Rule 8

uses different language to describe the pleading requirements for claims than it does for

affirmative defenses.  Rule 8(a)—which was the focus of *Twombly* and *Iqbal*—requires "a

pleading that states a claim for relief to contain "a short and plain statement of the claim *showing*

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  Rule 8(c)—

which neither *Twombly nor Iqbal* addressed—only requires a responsive pleading to

"affirmatively *state* any avoidance or affirmative defense" Fed. R. Civ. P. 8(c)(1) (emphasis

added).

      *Twombly* and *Iqbal* themselves indicate that this textual distinction is significant and

actually forms the basis for the plausibility standard applicable to complaints.  *See Iqbal*, 556

U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2)); *Twombly*, 550 U.S. at 555 n.3 ("Rule

8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief").

"Applying the same standard of pleading to claims and affirmative defenses, despite this clear

distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly*

that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific

federal pleading standards."  *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal.

2012) (quoting *Twombly*, 550 U.S. at 569 n. 14).

      There are, in addition, important pragmatic reasons for treating affirmative defenses

differently from allegations in a complaint.  Functionally, a party served with a complaint must

file a responsive pleading in which it "state[s] in short and plain terms its defenses to each claim asserted against it," "admit[s] or den[ies] the allegations asserted against it," and "affirmatively state[s] any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)-(c).  If plaintiffs were not required first to allege factual information in support of their claims, defendants would be hard-pressed to file answers that comply with Rule 8 (hence the requirement that claims be plausible on the facts alleged).

The plausibility standard announced in *Twombly* and *Iqbal* is grounded in the concern that a party armed with nothing more than conclusions could "unlock the doors of discovery," *Iqbal*, 556 U.S. at 678 and "push cost-conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559.  No corresponding concerns apply to answers.  *See Rockwell Automation, Inc. v. Beckhoff Automation*, LLC, No. 2:13-CV-01616-RCJ, 2014 WL 2459604, at *5 (D. Nev. May 30, 2014) ("[A] plaintiff against whom an affirmative defense is pled already desires to invoke the discovery process and does not aim to avoid it"); *see also Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) (overruled on other grounds) ("[D]eciding whether a complaint survives a motion to dismiss may determine whether discovery will occur at all, whereas an affirmative defense at most affects the scope of discovery").  Hence, it makes little sense to subject answers to the same pleading standards as complaints.

Furthermore, requiring more than "fair notice" of an issue's existence imposes an unreasonable burden on defendants, who risk the prospect of waiving a defense at trial by failing to plead it, *see In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("[u]nder the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived"), and who, without the aid of discovery, have a strikingly short amount of time to develop the facts necessary to do so.  *See* Fed. R. Civ. P. 12(a)(1) (providing 21 days for a defendant to answer a complaint); Fed. R. Civ. P. 26(d) (prohibiting discovery prior to Rule 26(f) conference).

Ultimately, "requiring greater notice conflicts with the longstanding truism that motions

to strike are disfavored" since "requiring more detailed defensive pleading will inevitably lead plaintiffs to file more motions to strike." *Tyco Fire Products*, 777 F. Supp. 2d at 901. Accordingly, Kochava respectfully submits that the heightened "plausibility" standard does not apply to Kochava's defenses.

### 2. Kochava Has Given the FTC Fair Notice of Its Affirmative Defenses

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The pleading of an affirmative defense needs only to provide the opposing party with "an opportunity to rebut that defense or to alter her litigation strategy accordingly." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008)). Consequently, affirmative defenses are properly pled if they "give the court and the other parties fair warning that a particular line of defense will be pursued." *Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec, Inc.*, 2007 WL 2070355, at *2 (S.D. Cal. July 12, 2007); *see also Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) ("Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses"). In some cases, "merely pleading the name of the affirmative defense ... may be sufficient." *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999)).

Kochava's Answer provides the FTC with "fair notice" of Kochava's affirmative and other defenses. *See, e.g, Gen-Probe Inc. v. Becton Dickinson and Co.*, 2010 WL 4442731, *1 (S.D. Cal. 2010) ("Because [defendant] has identified and affirmatively stated that it intends to assert an unclean hands defense, [defendant] has met its pleading obligation under Rule 8(c)"); *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (Spero, J.) (denying motion to strike on the grounds that "affirmative defenses, while boilerplate, [were] standard affirmative defenses, appropriate at the outset of the case before discovery has commenced").

**C.      Kochava's Affirmative Defenses 1-4, 12, 17, 20, and 24-31 Are Properly Pled and Do Not Cause the FTC Any Prejudice**

The FTC's motion also asks this Court to strike numerous defenses *with prejudice* on the grounds that Kochava's defenses are either "not affirmative defenses" or are "negative defenses." Yet, Rule 8(c)(1)'s list of affirmative defenses "is not intended to be exhaustive." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1271 (4th ed. 2023). Indeed, the Rule expressly provides that a party must affirmatively state "any avoidance *or* affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added); *see also Jones v. Bock*, 549 U.S. 199 (2007).

While recognizing that certain defenses other than those enumerated should be set forth affirmatively by the defendant to provide the plaintiff and the district court with sufficient notice that the matter has been put in issue, the original drafters of the federal rules did not elaborate on how to determine what is covered by Rule 8(c), nor what constitutes "an avoidance." Although extensive jurisprudence has been devoted to this question, little definitive guidance has emerged, other than the broad interpretation that Rule 8(c) encompasses any defensive allegations that: (1) admit the allegations of the complaint, but suggest a reason why there is no right of recovery; or (2) concern claims outside of the plaintiff's *prima facie* case. *See Juracek v. City of O'Fallon, Illinois*, 2007 WL 4225591, *2 (S.D. Ill. 2007) (quoting 5 Wright & Miller, Federal Practice & Procedure § 1271); *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. 11-CV-1161, 2012 WL 177576, *3 (C.D. Cal. 2012) ("Rule 8 contemplates pleading all defenses; no limitation as to affirmative or negative defenses is expressed in the text of the rule"); *see also Brewer v. Salyer,* 2007 WL 2505573, at *1 (E.D. Cal. Aug. 31, 2007) (denying plaintiff's motion to strike affirmative defense of failure to state a claim because its express inclusion in Rule 12(h)(2)(A) means that it cannot be legally insufficient); *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *6 (N.D. Cal. Sept. 20, 2006) (denying motion to strike and holding that "Defendant may advance affirmative defenses regarding potential relief").

This confusion is exemplified by the FTC's assertion, for example, that "lack of standing" is an impermissible negative defense. Yet numerous decisions in the Ninth Circuit

have held that a defendant may raise lack of standing as an affirmative defense.  *See Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *5 (C.D. Cal. Apr. 30, 2012) (denying motion to strike affirmative defense for lack of standing because "courts have recognized it as an affirmative defense"); *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012) (same); *Solis v. Couturier*, No. 208-CV-02732-RRB-GGH, 2009 WL 3055207, at *1 (E.D. Cal. Sept. 17, 2009) (noting that "[l]ack of standing is a recognized affirmative defense, and it was therefore proper for [defendant] to restate his denial of fiduciary duty as a defense for lack of standing and jurisdiction"); *see also San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (denying motion to strike defense of lack of standing based on the plaintiff's argument that it was not a true affirmative defense); *Kohler*, 280 F.R.D. at 567 (court stating that it "fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient").

Despite the vagueness of Rule 8(c)'s language, the penalty for misconstruing it is steep. *Morrison v. Mahoney*, 399 F3d 1042 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived") (quoting Fed. R. Civ. P. 8(c), 12(b), and 12(g)); *Stephenson v. Davenport Community School Dist.*, 110 F.3d 1303, 1305 n. 3 (8th Cir. 1997) (noting that federal courts have consistently held that the failure by a defendant to plead an affirmative defense in its answer generally results in waiver and exclusion from the action).

Due largely to the combination of sparse guidance and harsh punishment, defendants are often cautious in limiting which matters will be affirmatively pled.  This approach is justified, and arguably necessary, to avoid the dangers of waiving an otherwise valid defense.  *See Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (1982) ("the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses . . . the cautious

pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category").

Courts also "frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)'" where the moving party cannot adequately demonstrate prejudice. *Berry*, 667 F. Supp. 2d at 1128 (quoting *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006); *see also Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 821 (7th Cir. 2001) (warning against motions to strike extraneous matter unless "actually prejudicial"); *Touche v. Price Bros. Co.,* 5 F. Supp. 2d 341, 350 (D. Md. 1998) (denying motion to strike redundant material where no prejudice existed); *Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 (N.D. Il. 1980) (motion to strike should not be granted unless the defense has "no possible relation to the controversy and is clearly prejudicial").  The Ninth Circuit has found that prejudice may exist where the affirmative defenses at issue would lead to substantial and undue delay, confusion, or complication. *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534-35 (1994) (finding prejudice where the affirmative defenses pled matters relating to third parties that had already been extensively litigated and would delay, confuse, and complicate the case as well as lead to unwarranted inferences against the plaintiff).

No such prejudice exists here.  Even if the defenses challenged did not have to be alleged in Kochava's Answer, the FTC does not (and cannot) claim that any meaningful prejudice will result by *not* striking the defenses.  Indeed, even to the extent certain affirmative defenses may be more accurately described as "negative" defenses, a motion to strike is unnecessary and inappropriate.  *See McBurney v. Lowe's Home Centers, LLC*, No. 1:13-CV-00540-ELJ, 2014 WL 2993087 (D. Idaho July 2, 2014):

> The Court also declines in this case to strike Defendants' allegedly redundant
> defenses. It is true that defenses that negate an element of, or assert a defect in, a
> plaintiff's prima facie case are negative, not affirmative, defenses. [Citation.] But,

> at this stage in the litigation, striking negative defenses would do little more than
> tidy up the pleadings. [Plaintiff] would still have the burden of proving his prima
> facie case and Defendants would still be entitled to argue that he does not state a
> claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(h)(1) (failure to state
> a claim defense is not waived when omitted from a responsive pleading). Given
> these practical realities, the Court is loath to micro-manage the pleadings merely
> to credit [plaintiff]'s technical points.

*Id.* at *3. *See also Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SA CV 111161
DOC, 2012 WL 177576, at *3 (C.D. Cal. Jan. 20, 2012) ("The technicality raised by Plaintiff [as
to whether "negative" defenses are true affirmative defenses] does not affect whether it has been
put on fair notice of Defendant's defenses"); *Falash v. Inspire Acads., Inc.*, No. 1:14-CV-00223-
REB, 2015 WL 4656505, at *2-4 (D. Idaho Aug. 6, 2015) ("no purpose to be served for any
judicial pruning" of defenses that merely negate an element of Plaintiff's proof) (declining to
strike various defenses, including failure to state a claim, as well as express reservation of right
to amend).

The FTC's request to strike Kochava's statement reserving its rights to assert additional
affirmative defenses likewise serves no purpose, as the FTC cannot demonstrate any prejudice to
it resulting from this statement.  *See California Dep't of Toxic Substances Control v. Alco Pac.,
Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  In fact, seeking to strike a statement
reserving rights is a waste of judicial and party resources, and is routinely denied.  *See, e.g.,
Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *3 (N.D. Cal.
2013) (denying motion to strike reservation of rights because doing so "would serve no real
purpose").  Further, it is well-settled that a defendant may amend its answer to include additional
affirmative defenses.  *See, e.g. Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)
(holding that the district court abused its discretion in denying a motion to amend the answer to
include the affirmative defense of settlement); *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th

Cir. 1997) (explaining that "as with other pleadings, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset...the pertinence of a particular defense may only become apparent after discovery, for example, in which case it would be reasonable for the court to permit the belated assertion of that defense").

### D.  Kochava's Affirmative Defenses 7-8, 14-15, and 21-22 Are Properly Pled and Do Not Cause the FTC Any Prejudice

As the FTC concedes in its motion, equitable defenses are in fact available.  *See FTC v. Hang-Ups Art Enterprises, Inc.*, No. CV 95-cv-0027-RMT-JGX, 1995 WL 914179, at *4 (C.D. Cal. Sept. 27, 1995) (rejecting the argument that a laches defense is precluded against the FTC and denying a motion to strike that affirmative defense); *Fed. Trade Comm'n v. Directv, Inc.*, No. 15-CV-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015) (while defendant "likely will have to prove affirmative misconduct to prevail on its laches defense, the defense as pled provides the FTC sufficient notice of DirecTV's theory"); *Watkins v. U.S. Army*, 875 F.2d 699, 706 (9th Cir. 1989) (a court can estop an agency of the government where there is evidence of affirmative misconduct by that agency); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 517 F. Supp. 3d 994, 999 (N.D. Cal. 2021) (neither the Supreme Court nor the Ninth Circuit has conclusively resolved the question of whether a party subject to government enforcement action seeking equitable relief may raise an unclean hands defense).

"If a defense is not clearly inadequate as a matter of law, it would be inappropriate to strike it."  *F.D.I.C. v. Gladstone,* 44 F. Supp.2d 81, 90 (D. Mass 1999); *Sands,* 902 F. Supp. at 1165.  Striking Kochava's waiver, estoppel, and laches defenses would not be proper because neither the Supreme Court nor the Ninth Circuit has set forth a bar to these defenses in cases against the federal government.  Contrary to the FTC's argument that estoppel cannot apply to the United States, the Ninth Circuit has held that estoppel is available against the federal government; the party asserting estoppel simply must satisfy additional burdens. *Mukherjee v. I.N.S.,* 793 F.2d 1006, 1008-09 (9th Cir. 1986) ("A party asserting estoppel against the federal government bears additional burdens").  In addition to the traditional elements of estoppel, the

party seeking to estop the government must also show the government has engaged in affirmative misconduct going beyond mere negligence and that the government's act will cause a serious injustice and the imposition of estoppel will not unduly harm the public interest. *Pauly v. United States Dept. of Agri.,* 348 F.3d 1143, 1149 (9th Cir. 2003).  Just because a defense carries a heavy burden of proof does not mean it cannot be satisfied.

Various courts have permitted defendants to assert estoppel and/or waiver defenses against the federal government.  *See e.g., Sands,* 902 F. Supp. at 1166 (finding that the defendants asserted viable estoppel and waiver defenses against the SEC because the defendants alleged that the SEC tacitly approved the defendants' conduct); *United States v. Am. Elec. Power Serv. Corp.,* 218 F. Supp.2d 931, 937 (S.D. Ohio 2002) (denying the federal government's motion to strike the defendants' estoppel and waiver defenses); *F.D.I.C. v. Gladstone,* 44 F. Supp.2d 81, 90 (D. Mass 1999) (explaining that because the defendants' "ability to make use of an estoppel defense is a fact intensive question, it would be inappropriate to strike the defense at this early stage")  Likewise as to the defense of unclean hands.  *See FTC v. Medicor*, 2001 WL 765628, *3 (C.D. Cal. June 26, 2001) (denying motion to strike unclean hands defense).

In addition, application of the doctrine of laches in cases against the federal government is proper.  *See N.L.R.B. v. P*I*E Nationwide, Inc.,* 894 F.2d 887, 894 (7th Cir. 1990) (following dictum in more recent Supreme Court cases and concluding that the doctrine of laches is applicable to government agencies as well as private individuals); *Resolution Trust Corp. v. Vanderweele,* 833 F. Supp. 1383, 1388 (N.D. Ind. 1993) (stating that the application of laches against the federal government is determined on a case-by-case basis).  Indeed, other California district courts have permitted the laches defense to go forward against the FTC.  For example, in *FTC v. Hang-Ups Art Centers.*, 1995 WL 914179 at *4 , the district court denied the FTC's motion to strike a laches defense, noting that "laches may be a defense against the government if 'affirmative misconduct' by the government is shown," and that "the facts of the case should decide whether there has been affirmative misconduct by the government such that laches might

apply." *See also FTC v. Braswell,* No. CV 03-3700 DT (PJWX) (C.D. Cal. No. 10, 2003) at 13-14 (allowing laches defense to go forward at trial).

The Ninth Circuit and other courts have found that government inaction can qualify as affirmative misconduct without proof of "misfeasance." *See Yoo v. INS,* 534 F.2d 1325, 1329 (9th Cir. 1976) (inaction in the form of delay and failure to perform plain duty amounted to affirmative misconduct; "[j]ustice and fair play can only be achieved in this case by holding... that the Government is estopped from denying petitioner the benefit [he seeks]"); *Corniel-Rodriguez v. INS,* 532 F.2d 301, 306-307 (2d Cir. 1976) (failure to perform a legally required task found to amount to affirmative misconduct); *Beacom v. EEOC,* 500 F.Supp. 428, 438 (D. Ariz. 1980) ("whether nonfeasance by the Government is simply inaffirmative, or amounts to 'affirmative inaction' should be viewed with reference to the circumstances of each case").

This Court should not strike factually-based defenses when Kochava has not had the opportunity to conduct meaningful discovery.  Discovery may reveal that these defenses are in fact well-supported.  Moreover, the adequacy or inadequacy of these defenses is unclear as a matter of law.

### E.     Kochava's Affirmative Defenses 16 and 18-19 Are Properly Pled and Do Not Cause the FTC Any Prejudice

The FTC seeks to expand the provisions of the FTCA to hold Kochava liable for the acts of third parties (given the FTC does not and cannot allege that Kochava itself de-anonymizes or uses any of the data at issue – only that some unidentified third party could do so).  In other words, the acts of (indispensable) third parties are relevant to the issue of Kochava's purported liability (such as whether the data was misused by third parties—and whether Kochava should have foreseen this/can be held liable for same, or whether the consumers themselves either consented to the use or were negligent as to the handling of their data).  *See, e.g.*, Complaint, ¶¶ 14-15 ("Kochava's customers can learn sensitive information about individual consumers . . . data can be and is used to identify consumers"); ¶¶ 40-42 (alleging theoretical ways the data can be used by third parties).  In this respect, the present case is distinguishable from the authorities

cited by the FTC (*e.g.*, *FTC v. Student Advocs. Team, LLC,* 2020 WL 2748316 (C.D. Cal. April 8, 2020)), as it is the FTC's allegations *in this action* that tether Kochava's alleged conduct to the actions of (indispensable) third parties (and the fact that the Court denied Kochava's motion to dismiss does not preclude Kochava from raising similar arguments at trial).  As such, Kochava is entitled to plead any affirmative defenses that are or may be applicable, to avoid waiver of same.  *See Falash v. Inspire Acads., Inc.*, No. 1:14-CV-00223-REB, 2015 WL 4656505, at *5 (D. Idaho Aug. 6, 2015) (declining to strike equitable affirmative defense that "may or may not apply, depending on how discovery unfolds," on the basis plaintiff was on notice and striking the defense would do nothing to actually streamline the case).

### F.        Kochava Has a Right to a Trial by Jury

Under Rule 38 of the Federal Rules of Civil Procedure, a party has "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by federal statute[.]"  Fed. R. Civ. P. 38(a).  Courts have held that motions to strike jury demands are premature before the parties have had an opportunity to engage in any meaningful discovery or before dispositive motion practice.  *See Dahhane v. Stanton*, No. 15–1229 (MJD/JJK), 2015 WL 5009642, *4 (D. Minn. 2015) (denying motion to strike jury demand in the face of plaintiff's allegation that the claims are only equitable because "[a] final determination on the right to a jury trial, or any trial at all, may be contingent upon which claims and defenses survive discovery and summary judgment").

The Seventh Amendment right to a jury trial also extends to affirmative defenses which are legal in nature. *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, 179 F. Supp. 3d 958, 960 (N.D. Cal. 2016); *see also Brown v. San Diego State University Found.*, No. 13–cv–2294, 2015 WL 4545857, at *4 (S.D. Cal. July 28, 2015) ("[T]he Court finds there is a right to a jury trial [regarding Defendant's affirmative defenses] because Defendants are seeking a legal remedy, not an equitable one").  This applies to a number of Kochava's affirmative defenses, such as lack of consent, jurisdiction, preemption, waiver, standing, constitutional defenses, etc. (*See, e.g.*, Affirmative Defenses 1-7, 9-13, 20).

-15-

The FTC also seeks to expand the provisions of the Federal Trade Commission Act to hold Kochava liable for the acts of (indispensable) third parties, and as such the FTC's claims are analogous to a suit in common law negligence – also entitling Kochava to a jury trial.  *See Tull v. United States*, 481 U.S. 412, 417 (1987) ("[t]he Court has construed this [Seventh Amendment] language to require a jury trial on the merits in those actions that are analogous to 'Suits at common law'"); *id.* at 424-425 (jury trial must be provided if legal issues are raised even where plaintiff captions the complaint as an equitable proceeding); *Dairy Queen, Inc. v. Wood* (1962) 369 US 469, 473 fn. 8 ("As long as any legal cause is involved the jury rights it creates control").

### G. Kochava Should be Granted Leave to Amend If this Court Grants Any Part of the FTC's Motion

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *cf. Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("In the event a pleading is dismissed for failure to state a claim, leave to amend must be granted unless the court determines that allegations of other facts could not cure the deficiency"); *Qarbon.com, Inc. v. EHelp Corp.,* 315 F. Supp. 2d 1046, 1049-1050 (N.D. Cal. 2004) (striking affirmative defenses but granting leave to amend).

### IV. CONCLUSION

For the reasons set forth above, Kochava respectfully requests that this Court deny the FTC's motion to strike in its entirety.  To the extent any part of the FTC's motion is granted, Kochava respectfully requests leave to amend.

/ / /

Dated: April 16, 2024                Respectfully submitted,


By:   */s/ Craig J. Mariam*
       Craig J. Mariam
       GORDON REES SCULLY MANSUKHANI, LLP
       999 W. Main Street, Suite 100
       Boise, ID 83702
       (208) 489-9095
       *cmariam@grsm.com*

       **Attorneys for Defendant Kochava Inc.**

OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL
[DKT. 79]