CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
HAZEL M. B. PANGAN (Admitted *Pro Hac Vice*)
hpangan@grsm.com
ELENA A. KUZMINOVA (Admitted *Pro Hac Vice*)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Defendants
KOCHAVA INC. and
COLLECTIVE DATA SOLUTIONS, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
**NORTHERN (COEUR D'ALENE) DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 2:22-cv-00377-BLW |
| Plaintiff, | Judge: Honorable B. Lynn Winmill |
| vs. | **SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| KOCHAVA INC., a corporation | |
| and | |
| COLLECTIVE DATA SOLUTIONS, LLC, a limited liability company | |
| Defendants. | |

TO THIS HONORABLE COURT:

Pursuant to Federal Rule of Evidence 201, Defendants Kochava Inc. ("Kochava") and Collective Data Solutions, LLC ("CDS") (collectively, "Defendants") respectfully request this Honorable Court take judicial notice of the existence of the following document (the same

document filed previously in support of the pending motion, with additional fact that the article shall be published) in support of Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff Federal Trade Commission's ("FTC") Second Amended Complaint [Dkt. No. 96].

In their October 7, 2024 Request for Judicial Notice, Defendants indicated that they will file a supplemental Request for Judicial Notice when the Article is published. *See* Dkt. No. 96-2 at 3. This Supplemental Request for Judicial Notice seeks judicial notice of the existence of the galley version of the Article submitted for publication.

Courts may consider matters properly subject to judicial notice when deciding a motion to dismiss for failure to state a claim. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In considering matters presented by the parties, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

"[C]ourt may take judicial notice of the existence of newspaper articles." *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991); *see Federal Trade Commission v. Facebook, Inc.,* 581 F. Supp. 3d 34 (D.D.C. 2022) (In deciding whether to dismiss antitrust action brought by

the FTC against online social networking provider, based on allegation that the FTC's amended complaint was not properly authorized by the FTC because the FTC Chair, who voted to reinstate suit against provider, had conflict of interest, district court would take judicial notice of publications found in newspaper articles related to congressional investigation into provider's monopoly power.); *see United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009) (The court did not err when it took judicial notice of the Times articles because the articles were not hearsay because the statements in the news articles were not offered for the truth of the matter asserted.).

## SUPPLEMENTAL REQUESTS FOR JUDICIAL NOTICE

1. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" was authored by Douglas H. Meal. Said article shall be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

2. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 9 that "[the FTC's own] "statements make clear that, as of the enactment of Section 5(n), the FTC defined 'substantial injury' to require 'tangible injury.'" Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See*

Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

3. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 6 that "the injury alleged by the FTC … did not involve any *public* disclosure on Kochava's part. Nor, as the District Court recognized, did it involve any disclosure of private facts (much less facts that were so private that their disclosure would be highly offensive to a reasonable person)."  Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

4. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 15 that "The plain meaning of 'likely' is 'having a high probability of occurring …[,] very probable,' or 'in all probability' … As the Eleventh Circuit recognized in *LabMD,* given the dictionary definition of the word 'likely,' the phrase 'likely to cause' in Section 5(n) cannot reasonably be read 'to include something that has a low likelihood.'"  Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See*

Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

5. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 19 that "under the third prong of Section 5(n)'s test, an act or practice may not be declared unfair 'unless it is injurious in its net effects.'" Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

6. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 29 that "the 1980 Policy Statement made clear that, *at least as far as the FTC was concerned,* 'an act or practice's 'unfairness' must be grounded" not only in the injury that it causes, but also the defendant's culpability in causing that injury, with the result being that "[a]n act or practice that causes substantial injury but lacks such grounding is not unfair within Section 5(a)'s meaning.'"  Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and

correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

7. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 9 that "Section 5(n)'s legislative history … states *by themselves* constitute 'substantial injury' under Section 5(n)." Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

8. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 14 that "In the *Kochava* Rulings, the District Court took the position that an act or practice is 'likely' to cause substantial injury to a consumer, within the meaning of Section 5(n), where it creates a 'significant risk' of the consumer's incurring that injury.[] To support that position, the District Court cited the Ninth Circuit's decision in *FTC v. Neovi*.[] But the issue of the meaning of the word 'likely' in Section 5(n) was not raised in *Neovi*,[] and the *Neovi* court's statement that '[a]n act or practice can cause 'substantial injury' … 'if it raises a significant risk of concrete harm,' was made in the context of evaluating whether the injury pled and proven by the FTC was 'substantial' – not whether it was 'likely' -- within the meaning of Section 5(n).[] So *Neovi* is neither precedential nor persuasive as to the meaning of the word 'likely' in Section 5(n)." Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the

University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

    9. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 20 that "The mere fact that the FTC's complaint 'only' seeks to require the defendant to cease and desist from its allegedly unfair practice says nothing whatever as to whether the challenged practice fails Section 5(n)'s cost-benefit test. Nor does the FTC's follow-on assertion that Kochava could cease including in its geolocation data feeds data associated with 'sensitive locations' by implementing 'safeguards' that would have a 'reasonable' cost. That assertion merely re-states the legal conclusion that the costs of ceasing Kochava's challenged practice do not outweigh the benefits expected to be derived from such a cessation." Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as <u>Exhibit A</u>.

    10. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 26 that "in *Neovi,* the issue was never raised whether a Section 5(a) unfairness claim must

be grounded in an additional culpability element such as a violation of a well-established law or public policy,[] and the Ninth Circuit certainly made no express ruling on that issue. *Neovi* therefore hardly can be considered 'precedential' on the point. And in *Davis* the issue likewise was neither raised nor ruled upon." Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

11. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 27 that "the *Amazon.com* court badly misread the *Wyndham* decision on this point … [F]ar from rejecting the argument, the *Wyndham* court *agreed* that, '[a]rguably, § [5](n) may not identify all of the requirements for an unfairness claim.'" Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc. *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4]. A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

12. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 28 that "Section 5(n)'s three prongs 'are written as negative limitations on the FTC's authority rather than as an exhaustive list of elements.'…This is made even clearer by the second

and third sentences of Section 5(n), which expressly authorize the FTC to 'consider established public policies,' and to make such policies a basis (though not a primary basis), for 'determining whether an act or practice is unfair.'"" Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

/ / /

13. The fact that the Journal of Law and Commerce's article entitled "Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in *FTC v. Kochava*" states on page 31 that "Section 5(a)'s plain language teaches that to be 'unfair' an act or practice must be 'marked by injustice, partiality, or deception,' and the plain language of Section 5(n)'s second and third sentences teach that where, in addition to satisfying the three prongs of Section 5(n)'s first sentence, an act or practice violates an established public policy (and thus would be 'marked by injustice') it can be found unfair."  Said article will be published in Volume 43, No. 1 (2024) of the Journal of Law and Commerce of the University of Pittsburgh School of Law, ISSN: 2164-7984 (online), ISSN: 0733-2491 (print), DOI: 10.5195/jlc.2024.296, and will be available on the Journal's official website at https://jlc.law.pitt.edu/ojs/jlc.  *See* Declaration of Douglas H. Meal, ¶ 5 [Dkt 96-4].  A true and correct copy of the galley version of the article submitted for publication in the Journal of Law and Commerce is attached hereto as Exhibit A.

Dated: January 22, 2025                                Respectfully submitted,

                                By:  */s/ Craig J. Mariam*
                                     Craig J. Mariam
                                     Hazel M.B. Pangan
                                     Elena A. Kuzminova
                                     GORDON REES SCULLY MANSUKHANI, LLP
                                     999 W. Main Street, Suite 100
                                     Boise, ID 83702
                                     (208) 489-9095
                                     *cmariam@grsm.com*
                                     *hpangan@grsm.com*
                                     *ekuzminova@grsm.com*

                                     **Attorneys for Defendants Kochava Inc. and Collective Data Solutions, LLC**