UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KOCHAVA, INC.,<br><br>Defendant. | Case No. 2:22-cv-00377-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Kochava, Inc.'s Motion to Dismiss Second Amended Complaint (Dkt. 96). The Motion is fully briefed, and the Court concludes that oral argument is unnecessary pursuant to District Local Rule 7.1. For the reasons described below, the Court will deny the Motion.

## BACKGROUND

The Court has discussed the background of this case in detail in previous rulings, *see* Dkt. 24, 71, and will review it only briefly. At this stage, the factual allegations set out in the Second Amended Complaint are presumed true.

Kochava, Inc. is a data analytics company that aggregates and sells consumer data collected from billions of cellphones and other mobile devices

**MEMORANDUM DECISION AND ORDER - 1**

around the world. This data includes timestamped geolocation coordinates; information about app usage; and personal information such as gender, age, ethnicity, income, and political affiliation. The geolocation data is paired with the unique Mobile Advertising ID (MAID) associated with each device, which allows Kochava's customers to precisely trace consumer movements over time. Specifically, Kochava sells historical location data collected over the seven days prior to the date of the data purchase, so that customers view users' past movements but not present location. Kochava also analyzes the aggregated data to create "audience segments" that allow its customers to identify and target consumers based on personal interests or characteristics.

The Federal Trade Commission (FTC) filed suit against Kochava in August 2022. The lawsuit argues that Kochava's data sales are unfair acts or practices likely to cause substantial injury to consumers in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. § 45(a)(1). The FTC's action rests on two somewhat novel theories of consumer harm: (1) exposure of consumers to significant risk of secondary harms, like stigma and discrimination, by Kochava's customers; and (2) invasion of consumers' privacy.

The Court granted Kochava's first motion to dismiss in May 2023 but gave the FTC leave to amend its complaint. Dkt. 24 at 1. In that decision, the Court explained that the FTC had established plausible legal theories but failed to allege

**MEMORANDUM DECISION AND ORDER - 2**

sufficient facts to establish the likelihood of substantial consumer injury. *Id.* at 6-7. The Court also rejected several of Kochava's legal arguments, holding that Section 5(a) is not limited to tangible injuries and does not require a predicate violation of an established law or policy. *Id.* at 8-13, 18-21.

The FTC filed its First Amended Complaint in June 2023 and provided additional facts to support its claims. Kochava again moved to dismiss. This time, the Court denied Kochava's motion and concluded that the FTC's amended complaint "easily satisfies the liberal plausibility standard" of Rule 12(b)(6). Dkt. 71 at 6. To support the theory of secondary harms, the FTC alleged specific instances where consumers have been targeted and harmed based on geolocation data. To support the theory of invasion of privacy, the FTC alleged that Kochava provides customers with comprehensive and synthesized data (advertised as a "360-degree perspective"), including Kochava's own inferences about consumers—not merely "bits and pieces" of otherwise lawfully available data. *Id.* at 9-12.

Shortly after the FTC filed the First Amended Complaint, Kochava transferred its data broker business to a subsidiary, Collective Data Solutions, LLC (CDS). As a result, the FTC filed the Second Amended Complaint in July 2024 to name CDS as an additional defendant. Dkt. 86. The Second Amended Complaint adds allegations that CDS has continued Kochava's data collection and disclosure

**MEMORANDUM DECISION AND ORDER - 3**

practices but does not alter the substance of the legal arguments or the underlying factual allegations.

Kochava now moves to dismiss the Second Amended Complaint with a reiteration of the arguments unsuccessfully brought in its last two motions to dismiss. To justify a different ruling this time, Kochava also asks for judicial notice of an unpublished law review article critiquing the Court's earlier decision. *Request for Judicial Notice*, Dkt. 96-2.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though a complaint "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up). However, Rule 12(b)(6) "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the truth of the allegations. *Twombly*, 550 U.S. at 556.

MEMORANDUM DECISION AND ORDER - 4

## ANALYSIS

Kochava again contends that (1) Section 5(a) requires a tangible injury to consumers; (2) Section 5(a) requires an underlying violation of a "well-established legal policy"; (3) the FTC has failed to plead that Kochava's practices are "likely" to cause secondary harm to consumers; and (4) the FTC has failed to plead the cost-benefit element of a Section 5(a) claim. These arguments are again unpersuasive. In the absence of new legal theories or a change in the law,[1] the analysis here will be brief.

The FTC is authorized to seek injunctive relief if it has "reason to believe" that a business is violating, or is about to violate, a law enforced by the FTC. 15 U.S.C. § 53(b). Here, the law at issue is Section 5(a) of the FTC Act, which prohibits "unfair . . . acts or practices in or affecting commerce." 15 U.S.C. § 45(a). To demonstrate that a practice is "unfair," the FTC must prove that it "[1] causes or is likely to cause substantial injury to consumers which is [2] not reasonably avoidable by consumers themselves and [3] not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n). As explained below,

---

[1] Kochava suggests that *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), is an "intervening sea change in the law" that requires this Court to reconsider its prior decisions in this case. *Def.'s Rep.* at 1, Dkt. 99. While *Loper Bright* is obviously a groundbreaking decision, it does not impact the present matter because this Court's past rulings were not based on deference to the FTC's interpretation of the law. *See* Dkt. 24 at 35.

**MEMORANDUM DECISION AND ORDER - 5**

the FTC has plausibly pled that Kochava's practices are unfair within the meaning of the FTC Act.

1. **Tangible Injury Requirements**

Kochava begins by reasserting that invasion of privacy is not a "substantial injury" under Section 5(a) because the law is limited to "tangible injuries." *Def.'s Mem.* at 9-11, Dkt. 96-1. The Court has already rejected Kochava's interpretation of the FTC Act and stands by its previous reasoning. *See* Dkt. 24 at 18-21. First, the plain language of the statute requires the injury to be "substantial," not "tangible." These are different words with different meanings, and the invasion of privacy has long been cognizable as a substantial legal injury. *Id.* at 19-20. Second, legislative history does not contradict this plain meaning:

> As the Ninth Circuit has explained, consumer injury can occur in "a variety of ways." *F.T.C. v. Neovi, Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010). Thus, although Congress has noted that consumer injury often involves monetary harm, and that mere "[e]motional impact and other more subjective types of harm" are ordinarily insufficient, these generalizations do not limit Section 5(n)'s reach only to tangible harms. S. Rep. No. 103-130, at 13, 1993 WL 322671 (1993). If Congress had intended such a limitation, it could have easily included one in the statute.

Dkt. 24 at 18-21.

Kochava argues that the Court misinterpreted the 1993 Senate Report cited above. Specifically, Kochava points to the statement, "Emotional impact and more subjective types of harm alone are not intended to make an injury unfair." S. Rep.

**MEMORANDUM DECISION AND ORDER - 6**

No. 103-130, at 13. Citing a forthcoming article by Professor Douglas Meal, Kochava suggests that this sentence, read in full, imposes a tangible injury requirement. *Def.'s Mem.* at 11, Dkt. 96-1 (citing Douglas H. Meal, *Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in* FTC v. Kochava, 43 U. Pitt. J.L. & Com. (forthcoming) (manuscript at 10)). The Court still disagrees. Excluding subjective harm is not the same as requiring a tangible injury. Subjective injuries are intangible, but not all intangible injuries are subjective, and injury to privacy is a prime example.[2] *Cf. Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) ("[I]ntangible injuries can nevertheless be concrete."). Again, if Congress intended to limit the FTC's authority to tangible consumer injuries, it could have said so—and with significantly fewer words than what Congress actually said.

Alternatively, Kochava contends that the FTC's privacy theory fails because the complaint does not allege "public disclosure of private facts," as required to establish the common law tort of invasion of privacy. *Def.'s Mem.* at 11-14, Dkt. 96-1. But this matter involves an alleged violation of the FTC Act, not a common law tort. Tort law is one of the many examples this Court cited to explain why the

---

[2] For instance, the Fourth Amendment's "reasonable expectation of privacy" test imposes both a subjective and objective requirement. *See Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring).

**MEMORANDUM DECISION AND ORDER - 7**

invasion of privacy can be a substantial consumer injury—along with the Fourth Amendment and a host of federal statutes and regulations. It does not follow that the FTC, in bringing this statutory action, must meet the elements of the tort claim. The Court has already laid out why the FTC's invasion of privacy claim is sufficiently pled, *see* Dkt. 71 at 10-13, and declines to expend further timer or energy repeating that explanation.

## 2. Predicate Violation Requirement

Kochava also renews its argument that an unfairness claim under Section 5(a) requires an underlying violation of a "well-established legal policy," as the Eleventh Circuit concluded in *LabMD, Inc. v. FTC*, 894 F.3d 1221 (11th Cir. 2018). The Court stands by its past determination that Kochava's interpretation is inconsistent with both precedent in this circuit and the plain language of the FTC Act. *See* Dkt. 24 at 11-13. First, although the Ninth Circuit has not directly addressed the issue of a predicate-violation requirement, "[t]he three-part test for whether a practice is 'unfair' under the FTC Act, found in the statute itself, is followed without embellishment by courts in this Circuit." *FTC v. Amazon, Inc.*, No. C14-1038-JCC, 2016 WL 10654030, at *6 (W.D. Wash. July 22, 2016); *see also Neovi, Inc.*, 604 F.3d at 1155 (defining an "unfair practice or act" by the three elements of the statutes, with no further requirements); *Davis v. HSBC Bank Nevada*, 691 F.3d 1152, 1168 (9th Cir. 2012) (same).

**MEMORANDUM DECISION AND ORDER - 8**

Second, as previously explained, this approach is most consistent with the text of the FTC Act itself:

> Neither Section 5(a) nor Section 5(n) makes any reference to underlying violations of existing law or policy. *F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1194 (10th Cir. 2009) ("[T]he FTCA imposes no such constraint."). Congress easily could have added such a requirement when it enacted Section 5(n), but it did not. Instead, it specified that public policy may only serve as "evidence to be considered with all other evidence," but "may not serve as a primary basis," for deeming an act or practice unfair. 15 U.S.C. § 45(n). It is true that the three requirements set forth in Section 5(n) are written as negative limitations on the FTC's authority rather than as an exhaustive list of elements. *See F.T.C. v. Wyndham Worldwide Corp.*, 799 F.3d 236, 244 (3d Cir. 2015); *but see F.T.C. v. Walmart Inc.*, No. 22 CV 3372, 2023 WL 2646741, at *15–16 (N.D. Ill. Mar. 27, 2023). Nevertheless, what the statute does definitively prohibit is courts giving mechanical deference to public policy in determining whether acts or practices are unfair. There is simply no support in the statutory text for imposing a predicate-violation requirement under Section 5(a).

Dkt. 24 at 12-13.

For these reasons, the Court again declines to impose a predicate-violation requirement.

### 3. Secondary Harms

Turning to the FTC's theory of secondary harms, Kochava argues that the FTC has not established that the company's practices are "likely to cause" consumers secondary harm. At this stage, the FTC need only plead facts sufficient to state a "plausible" claim for relief. This does not require an allegation that Kochava has already caused such harms, nor that Kochava itself will cause the

**MEMORANDUM DECISION AND ORDER - 9**

ultimate injury. As the Court previously stated: "By demonstrating that harms have resulted from the sale of similar mobile device data, the FTC supports its claim that Kochava's practices are likely to cause consumer injury." Dkt. 71 at 10. This is sufficient to survive a motion to dismiss.

4. Cost-Benefit Analysis

Kochava's last argument—again recycled from the first motion to dismiss—is that the FTC has not adequately pled the cost-benefit element of an unfair practice. Section 5(n) of the FTC Act requires that the injury to consumers is "not outweighed by countervailing benefits to consumers or to competition." 15 U.S.C. § 45(n). This requires courts to weigh "the potential costs that the proposed remedy would impose on the parties and society in general." *Am. Fin. Servs. Ass'n v. FTC*, 767 F.2d 957, 975 (D.C. Cir. 1985).

The Court has already considered and rejected Kochava's arguments about the alleged "consumer benefits currently enjoyed by millions of consumers" through Kochava's geolocation data sales. *Def.'s Mem.* at 19, Dkt. 96-1. The FTC does not seek to terminate the entirety of Kochava's data analytics business; it asks only for safeguards to prevent the collection of specific types of sensitive data. *Sec. Am. Compl.* ¶ 114, Dkt. 86. Given the narrowness of the proposed remedy, "[a]t this stage, the FTC has adequately alleged that the purported injury to consumers is

not outweighed by the countervailing benefits of that relatively narrow subset of data." Dkt. 24 at 26-27.

For the above reasons, which are further elaborated in the Court's previous rulings, Kochava's Motion to Dismiss Second Amended Complaint is denied.

**5. Judicial Notice**

Finally, the Court will address Kochava's request for judicial notice. Dkt. 96-2. Kochava asks the Court to take judicial notice of portions of Professor Meal's forthcoming article, "*Misinterpreting Section 5(n) of the FTC Act: A Critique of the District Court's Rulings in* FTC v. Kochava," which is to be published in the *University of Pittsburg Journal of Law and Commerce*. Judicial notice of a fact is appropriate when the fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Courts can take judicial notice of publications. *See Wash. Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991). However, this is typically appropriate only when the existence of the article is itself relevant. *See id.*; *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 61 (D.D.C. 2022). The contents of an article—particularly an unpublished law review article—are another matter entirely, and courts in the Ninth Circuit routinely deny such requests for judicial notice because they are

**MEMORANDUM DECISION AND ORDER - 11**

sources "whose accuracy may be debated and questioned." *Mitchell v. Tillett*, 715 F. App'x 741, 742 n.1 (9th Cir. 2018); *see Valadez v. County of Los Angeles*, 2024 WL 3153207, at *10 (C.D. Cal. June 24, 2024) (collecting cases).

Here, Kochava asks the Court to take judicial notice of the fact that Professor Meal's article exists and makes certain statements. The Court would be happy to acknowledge these facts, but bare reality of the article is beside the point. What Kochava really wants is for the Court to agree with the article's reasoning, and this is a different proposition entirely. The fact of an academic article's existence says nothing of its merit.

Kochava is obviously welcome to cite Professor Meal's article as a source for its arguments. Where Kochava has done so, the Court has, as with any citation, reviewed the source and weighed its reliability. But Kochava's request for judicial notice of swaths of the article is pointless at best. At worst, it effectively functions as an end-run around page limits and a short-cut to avoid the work of fully synthesizing a legal argument. For these reasons, the Court will deny Kochava's request for judicial notice.

**ORDER**

1. Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 96) is

   **DENIED**.

DATED: February 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 13