BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
JENNIFER RIMM, DC Bar No. 1019209
YAYI GUO, DC Bar No. 90028378
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov
jrimm@ftc.gov
yguo@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>KOCHAVA INC., corporation,<br><br>and<br><br>COLLECTIVE DATA SOLUTIONS, LLC, a limited liability company,<br><br>　　Defendants. | **Case No. 2:22-cv-00377-BLW**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL** |

## I.    INTRODUCTION

Federal Rule of Civil Procedure 8 requires a party to state any affirmative defenses "to each claim asserted against it" when responding to a pleading. The purpose of this requirement is to give plaintiffs notice of the defenses being alleged. *See Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, at *2 (C.D. Cal. April 2, 2013). It is not an opportunity to plead a "laundry list of every possible defense … that a defendant may have to *any* action whatsoever." *APL Co. PTE. Ltd. v. Valley Forge Ins. Co.*, 2011 WL 5101708, at *1 (N.D. Cal. Feb. 24, 2011) (emphasis in original).

Yet that is precisely what Defendants Kochava Inc. ("Kochava") and Collective Data Solutions, LLC ("CDS") (collectively, "Defendants") did in their Answer to the Federal Trade Commission's ("FTC") Second Amended Complaint ("Answer"). [Dkt. 107.] Many of the purported "affirmative defenses" alleged by Defendants in the Answer are wholly inapplicable to this action. Moreover, *every* purported affirmative defense in the Answer fails to meet even a fair notice pleading standard.[1]

In addition, Defendants' request for a jury demand in their Answer is improper in this action. The FTC's action sounds in equity, making a jury trial unavailable. *See FTC v. Lights of Am. Inc.,* 2011 WL 13308569, at *3 (C.D. Cal. Apr. 29, 2011).

For these reasons, and as explained further below, the Court should strike all of Defendants' affirmative defenses in the Answer, including striking Affirmative Defenses 1-4, 11-12, 15-16, and 18-21 with prejudice. The Court should also strike Defendants' request for a jury trial. Striking Defendants' improper affirmative defenses and jury demand now will narrow

---

[1] This is the FTC's second motion to strike Defendants' answer. [*See* Dkt. 79.] The Court deemed the FTC's initial motion to strike moot after the FTC filed its Second Amended Complaint ("SAC"). [Dkt. 90.]

1

the issues going forward, conserving resources of both the Court and the parties.

## II.   LEGAL STANDARD

An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Precise Innov. v. Aerospace Eng'g & Support, Inc.*, 2022 WL 834632, at *3 (D. Idaho Mar. 21, 2022) (quotation omitted). Federal Rule of Civil Procedure 12(f) allows a court "to strike from a pleading an insufficient defense." *Precise Innovs.*, 2022 WL 834632, at *4. The purpose of such an action is to "avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (quotation omitted).

"A defense may be insufficient as a matter of law or as a matter of pleading." *Precise Innovs.*, 2022 WL 834632, at *4. Although the issue is unsettled in the Ninth Circuit, this Court has recently held that "the heightened pleading standard of *Twombly* and *Iqbal* … is now the correct standard to apply to affirmative defenses." *Id*. (quotation omitted) (alterations in original). Accordingly, each of a defendant's "affirmative defenses must contain sufficient factual matter to state a defense that is plausible on its face." *Id.* (quotations omitted).

### III. ARGUMENT

1. **Each Asserted Affirmative Defense Fails as a Matter of Pleading**

Here, Defendants' affirmative defenses do not contain sufficient factual allegations to be plausible on their face under the standards set forth in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Precise Innovs.*, 2022 WL 834632, at *4. Defendants' affirmative defenses are nothing more than a "bland recitation[] of the names of the defenses with no factual detail provided at all." *Precise Innovs.*, 2022 WL 834632, at *4 (internal quotation omitted); *see also Intermountain*

*Fair Hous. Council, Inc. v. Glenbrook Apartments*, 2013 WL 5876309, at *1 (D. Idaho Oct. 31, 2013) ("Rather, as the Court has recently held, if affirmative defenses contain no detail whatever, they fail to satisfy even the lesser pleading standard set prior to *Twombly* and *Iqbal*.").[2] This Court has previously explained that such sparse pleadings fail to meet *either* the *Twombly* and *Iqbal* standard or the lesser pleading standard. *See Intermountain Fair Hous. Council*, 2013 WL 5876309, at *1.

Every affirmative defense is deficiently pled – Defendants simply list the names of legal doctrines, defenses, or theories without providing *any* factual support. This is insufficient to meet Defendants' pleading burden. *See FTC v. Loss Mitigation Servs.*, 2010 WL 11519447, at *2 (C.D. Cal. Feb. 17, 2010) (striking defenses that were "pled summarily with mere reference to a doctrine and fail to provide any facts that would put the FTC on notice of the nature of the claim"); *c.f. Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 678.

Defendants' pleading failures prejudice the FTC. The FTC does not have adequate notice of the purported defenses, which is necessary to conduct discovery and prepare to litigate those defenses. *See, e.g., Frickey v. Concora Credit Inc.*, 2024 WL 449362, at *2 (D. Idaho Feb. 4, 2024) (noting that "the purpose of Rule 8(a)(2)'s pleading requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests") (internal quotation marks omitted). For example, for Affirmative Defense 13, Defendants assert a barebones "Statute of Limitations" defense. But the FTC Act, under which the FTC brings this action, does not contain

---

[2] It appears that Defendants simply copied and pasted defenses from another matter. For example, Affirmative Defense 10 asserts this action violates "the California Constitution," a document that has absolutely no bearing on this matter. This "sloppy 'cut and paste'" approach to pleading is disfavored by courts. *Lazar v. Nationstar Mortg., LLC*, 2025 WL 20561, at *1 n.1 (C.D. Cal. Jan. 2, 2025) ("Moreover, the Court is not pleased with what appears to be a sloppy 'cut and paste' from a complaint prepared for state court.").

a statute of limitations. *See, e.g., FTC v. Ivy Cap., Inc.*, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) ("Section 13(b) of the Federal Trade Commission Act specifies no statute of limitations period"). The FTC is thus left to only guess at what statute Defendants assert applies here. *See FTC v. N. Am. Mktg. & Assoc., LLC*, 2012 WL 5034967, at *3 (D. Ariz. Oct. 18, 2012) (holding that simply asserting a statute of limitations defense without identifying the applicable statute "does not provide fair notice to Plaintiff"); *FTC v. OMICS Grp. Inc.*, 374 F. Supp. 3d 994, 1016 (D. Nev. 2019) (finding a statute of limitations defense in an action brought under 13(b) of the FTC Act "legally erroneous").

Likewise, in Affirmative Defense 17 (Compliance with Obligations), Defendants assert they have complied with "applicable state and federal statutes." Yet Defendants nowhere explain what those statutes are, what obligations they impose, or how Defendants have complied with them. Without such information, the FTC is unable to develop evidence evaluating or contradicting this assertion.

As yet another example, Defendants' asserted affirmative defenses of waiver, (Affirmative Defense 7), estoppel (Affirmative Defense 8), and unclean hands (Affirmative Defense 14), all require specific elements in order to be asserted against a government agency. *See, e.g., FTC v. Green Equitable Sols.*, 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (explaining that waiver by the federal government "requires proof of an intentional relinquishment of sovereign authority"); *Green Equitable Sols.*, 2023 WL 7107273, at *2 ("Federal courts have routinely held that estoppel, laches, and unclean hands are not recognized affirmative defenses against the government in a civil suit to protect a public interest, absent outrageous conduct."); *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985) ("Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and

the public's interest will not suffer undue damage by imposition of the liability."); *see also FTC v. Am. Tax Relief, LLC*, 2011 WL 13135578, at *1 (C.D. Cal. Oct. 19, 2011). Defendants' pleadings do not assert any of these elements or plead any facts that explain how these Affirmative Defenses apply to this matter.

Each of Defendants' asserted affirmative defenses fails to satisfy any cognizable pleading standard, let alone the applicable standard set by *Twombly* and *Iqbal*. As such, the Court should strike each affirmative defense from the Answer.

### 2. Many of Defendants' Affirmative Defenses Also Fail as a Matter of Law

In addition to a wholesale failure to meet the requisite pleading standard, many of Defendants' affirmative defenses fail as a matter of law. Specifically, Affirmative Defenses 1-4, 11-12, 15-16, 18-21 are legally deficient. In order to preserve the parties' and Court's resources, the Court should strike these affirmative defenses with prejudice.[3]

Each of these affirmative defenses fails as a matter of law because it either does not meet the definition of an affirmative defense or is not assertable in this action of equity.

#### a. Defendants' Affirmative Defenses 1-4, 11-12, 16, 18-21 Are Not Affirmative Defenses

As noted, a proper affirmative defense is one that negates a plaintiff's action even if the plaintiff proves each element of its claim. It is not a vehicle for factual disagreements or denials. *See, e.g., McKinney-Drobnis v. Massage Envy Franchising, LLC,* 2017 WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.…Rather, such a defense is merely rebuttal against the evidence to be presented by the plaintiff and, consequently, when pleaded as an affirmative

---

[3] If the Court grants this Motion and permits Defendants to amend the Answer, the FTC reserves its ability to request that the Court strike any amended affirmative defenses with prejudice.

defense, is redundant and, as such, subject to being stricken so as to simplify and streamline the litigation.") (cleaned up). Yet many of Defendants' asserted affirmative defenses simply state factual contentions designed to disprove elements of the FTC's claim. For example, the purported Affirmative Defenses 1, 2, 11, and 18 assert, under different names, consumers' purported consent to Defendants' practices. However, consent is a factual question. S*ee, e.g., Corley v. Google, Inc.*, 316 F.R.D. 277, 284–85 (N.D. Cal. 2016) ("Consent may be either express or implied, but both express and implied consent are questions of fact."); *see also* SAC [Dkt. 86] ¶ 66 ("Consumers do not consent to this collection or disclosure by Kochava."). And if the FTC proves each element of its claim, these defenses will be inapplicable. Accordingly, they should be stricken.

For the same reason, purported Affirmative Defenses 19 and 20, which each assert, under different names, that Defendants provided sufficient notice to consumers also fail to meet the definition of valid affirmative defenses. *See FTC v. Kochava Inc.,* 671 F. Supp. 3d 1161, 1176 (D. Idaho 2023) ("At this stage, the FTC has adequately alleged that consumers lack the information necessary to make informed choices and avoid the harms allegedly caused by Kochava's practices."); *see also* SAC ¶ 58 ("Indeed, consumers do not know that Kochava has collected their information or is disclosing it to third parties.")

Other purported affirmative defenses asserted by Defendants likewise are not defenses. Affirmative Defenses 3 and 4 raise purported lack of standing. But "[l]ack of standing is not an affirmative defense; it is a jurisdictional requirement." *U.S. v. Acad. Mort. Corp.*, 2020 WL 7056017, at *4 (N.D. Cal. Dec. 2, 2020). In addition, courts routinely reject reservations of defenses, as asserted in Affirmative Defense 21, as improper. *See, e.g., N. Am. Mktg.*, 2012 WL 5034967, at *3 (rejecting "Defendants' reservation of the right to allege additional affirmative

defenses"). Accordingly, these Affirmative Defenses should be struck without leave to amend. *See, e.g., DeSalvo v. Islands Restaurants, L.P.*, 2020 WL 4035071, at *3 (C.D. Cal. July 16, 2020).

Lastly, the Court has already rejected Defendants' arguments that they are not responsible for violations of the FTC Act because any injury was caused by other parties. *FTC v. Kochava, Inc.*, 715 F. Supp. 3d 1319, 1324 n.3 (D. Idaho 2024). Yet Defendants again raise this argument as Affirmative Defenses 12 (Conduct of Other Parties), and 16 (Intervening and Superseding Causes), and, for the same reasons as already set forth by the Court, these affirmative defenses are not viable. *Id.*; *see also FTC v. Student Advocs. Team, LLC*, 2020 WL 2748316, at *3 (C.D. Cal. Apr. 8, 2020) ("The Court finds that the FTC has shown that these defenses could not succeed under any set of circumstances, because proximate cause and the conduct of third parties are not elements of a Section 5 violation.").

Because none of these defenses meets the definition of affirmative defense used by courts in this Circuit, the Court should strike Affirmative Defenses 1-4, 11-12, 16, 18-21 with prejudice.

### b. Because This Action Sounds in Equity, Affirmative Defense 15 Is Not Available

The FTC brings this action pursuant to Section 13(b) of the FTC Act and seeks only equitable relief, and, as such, the action sounds in equity. *See FTC v. Forensic Case Mgmt. Servs.*, 2012 WL 13134767, at *2 (C.D. Cal. Nov. 15, 2012). Therefore, "mitigation of damages is not relevant" and Defendants' "defense of mitigation of damages fails as a matter of law." *FTC v. Medicor LLC*, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001); *see also Am. Tax Relief, LLC*, 2011 WL 13135578, at *1 ("The affirmative defense of failure to mitigate damages makes little sense when applied to the FTC in this context."). Affirmative Defense 15 should be

stricken with prejudice.

### 3. A Jury Trial Is Not Available in this Action

The FTC seeks solely equitable relief in this matter in the form of a permanent injunction against Defendants.[4] "As the FTC's claims and the relief it seeks are equitable in nature, the Seventh Amendment does not guarantee the Defendants a right to trial by jury." *FTC v. Zycal Bioceuticals Healthcare Co., Inc.*, 2021 WL 11604880, at *2 (D. Mass. Mar. 16, 2021); *Loss Mitig. Servs.*, 2010 WL 11519447, at *4 ("[T]he Court finds that the remedy sought in this action is equitable in nature and Defendant is not afforded a right to jury trial.") In such situations, courts routinely strike defendants' requests for jury trials. *See FTC v. On Point Global LLC*, 2020 WL 4505811, at *2 (S.D. Fla. Aug. 4, 2020) ("For this reason, many courts have stricken jury trial demands for lawsuits brought under Section 13(b)."); *see also FTC v. Elec. Payment Sol. of Am. Inc.*, 2018 WL 3648409, at *7 (D. Ariz. Aug. 1, 2018); *Am. Tax Relief*, 2011 WL 13135578, at *1. This Court should do the same.

## IV.  CONCLUSION

For the foregoing reasons, the FTC respectfully requests the strike all of Defendants' affirmative defenses, strike Affirmative Defenses 1-4, 11-12, 15-16, and 18-21 with prejudice, and strike Defendants' request for a jury trial.

Respectfully submitted,

Dated: March 7, 2025                    /s Brian Shull

BRIAN SHULL
JULIA A. HORWITZ

---

[4] The FTC also asks for "any additional relief as the Court determines to be just and proper." But because this action sounds in equity, any such relief would be limited to the Court's equitable powers. *See Loss Mitig. Servs.*, 2010 WL 11519447, at *4 (concluding that a court's authority to grant equitable relief under Section 13(b) of the FTC Act encompasses the authority to grant ancillary equitable relief).

JENNIFER RIMM
YAYI GUO
ELIZABETH C. SCOTT

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION