CRAIG J. MARIAM (SBN: 11061)
cmariam@grsm.com
HAZEL M.B. PANGAN (Admitted *Pro Hac Vice*)
hpangan@grsm.com
Elena A. Kuzminova (Admitted *Pro Hac Vice*)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone: (208) 489-9095
Facsimile: (877) 306-0043

Attorneys for Defendants
KOCHAVA INC. and
COLLECTIVE DATA
SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. 2:22-cv-00377-BLW |
| Plaintiff, | Honorable B. Lynn Winmill |
| vs. | **DECLARATION OF CRAIG J. MARIAM IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL ATTENDANCE OF JAMES BENOIT AT DEPOSITION [DKT. 113]** |
| KOCHAVA INC., corporation | |
| and | |
| COLLECTIVE DATA SOLUTIONS, LLC, limited liability company | |
| Defendants. | |

I, Craig J. Mariam, declare as follows:

1.      I am an attorney licensed to practice in the various jurisdictions in the United States of America and a Partner with the law firm Gordon Rees Scully Mansukhani, LLP ("GRSM"), counsel for Defendants Kochava Inc. ("Kochava") and Collective Data Solutions, LLC ("CDS") (collectively, "Defendants") in the above-captioned case. I have been admitted to practice before

this Court and am a member of the Bar of the State of Idaho. I am over the age of eighteen and make this declaration based on personal knowledge, except those matters stated on information and belief, and, as to those matters, I believe them to be true. If called as a witness, I could and would competently testify to the same.

2. As counsel for Defendants, my office was initially contacted by counsel for Plaintiff the Federal Trade Commission ("FTC") by email regarding the scheduling of depositions of Kochava employees James Benoit and Trevor Hamilton on or around December 13, 2024. The FTC's counsel requested Mr. Benoit's and Mr. Hamilton's availability during the week of January 19, 2025. Declaration of Julia Horwitz ("Horwitz Decl."), Ex. A.

3. Immediately upon receipt of the above-referenced email correspondence from the FTC, counsel for Defendants contacted their clients to obtain their deposition availability. Defendants' in-house counsel and the undersigned were not available for the remainder of December 2024 and January 2025. On January 7, 2025, Defendants' counsel informed the FTC that Mr. Benoit and Mr. Hamilton were not available during the week of January 19 for depositions. Horwitz Decl., Ex. A.

4. On or around January 7, 2025, the FTC informed Defendants' counsel that, in addition to the depositions of Mr. Benoit and Mr. Hamilton, the FTC also intends to depose Kochava's former employees Domenic Perfetti and Tyler McKinley. Horwitz Decl., Ex. A.

5. Upon receipt of the FTC's January 7, 2025 correspondence, Defendants' counsel diligently worked on getting in contact with Mr. Perfetti and Mr. McKinley to confirm GRSM's representation of these former employees of Kochava and to obtain their deposition availability.

6. On January 28, 2025, counsel for FTC and Defendants held a telephonic conference regarding, *inter alia*, scheduling of depositions and a continuance of the Scheduling

Order deadlines, due in part to the FTC's multiple technical issues with their document productions that required Defendants significant amount of time and expense to process. The FTC conditioned any continuance of the Scheduling Order deadlines on our office providing firm deposition dates for James Benoit, Trevor Hamilton, Tyler McKinley, and Domenic Perfetti. Horwitz Decl., Ex. A.

7. On or around January 29, 2025, the FTC provided a list of "the second tranche of deponents," including Melinda Park, Sam McCabe, Charles Manning, Brian Cox, Kochava's Rule 30(b)(6) witness, and CDS' Rule 30(b)(6) witness. Horwitz Decl., Ex. A.

8. Upon receipt of the January 29, 2025 email, Defendants' counsel contacted Defendants and the eight individual witnesses to determine their availability for depositions.

9. On February 26, 2025, Defendants' counsel requested the FTC's counsel's cooperation in scheduling depositions due to Defendants' counsel's significant travel required to attend the depositions. Although the FTC's counsel refused to hold more than one deposition on the same day, the FTC's counsel confirmed they "would certainly be willing to consider back to back days (e.g., a Monday deposition and a Tuesday deposition) if that would help with your travel costs and scheduling." Attached hereto as Exhibit A is a true and correct copy of the February 25-March 14 email correspondence between the FTC's counsel and Defendants' counsel regarding the deposition schedule. Discussions regarding issues not relevant to this dispute have been redacted from this email thread.

10. On the same date, Defendants' counsel provided deposition availability for all of the FTC's intended individual deponents: Charles Manning, Brian Cox, James Benoit, Melinda Park, Tyler McKinley, Trevor Hamilton, Sam McCabe, and Domenic Perfetti. Exhibit A.

11. As explained to the FTC, Defendants' counsel intends to defend the depositions of certain witnesses in person, including Mr. Benoit and Ms. Park. These witnesses reside in Sandpoint, Idaho and Defendants' counsel intends to travel to Idaho from distant locations (at least four hours travel each way) to defend them in person. For this reason, and as agreed to by the FTC's counsel, Defendants' counsel provided "back to back" availability for these deponents on April 8, 9, or 10. Exhibit A.

12. On February 27, 2025, the FTC's counsel served notices for Mr. Benoit, Mr. McKinley, Mr. Hamilton, and Mr. Perfetti. Exhibit A. The FTC noticed Mr. Benoit's deposition for April 8. Declaration of Julia Horwitz in support of FTC's Motion to Compel, ¶ 17, Ex. B.

13. However, the FTC refused the dates proposed for depositions of Melinda Park, Sam McCabe, Charles Manning, and Brian Cox. The FTC requested new dates and advised that it also intends to take Rule 30(b)(6) depositions of Kochava and CDS. Exhibit A.

14. On March 12, 2025, Defendants' counsel requested Rule 30(b)(6) topics for examination so that Defendants can designate the appropriate representatives to testify on behalf of Kochava and CDS. Exhibit A.

15. On March 14, the FTC's counsel advised that they "do not yet have topics for the 30(b)(6) depositions, and we will likely need to take some of the initial depositions before we are able to provide them." Exhibit A.

16. On March 27, 2025, Defendants' counsel discovered a scheduling conflict on April 8 and immediately contacted the FTC to reschedule the deposition of James Benoit. The FTC agreed and served an amended notice of Mr. Benoit's deposition set for April 10. Horwitz Decl., ¶¶ 18-20.

17.     On the same date, I spoke with counsel for the FTC, Brian Shull. I advised Mr. Shull that we have diligently worked with all eight individual witnesses that the FTC intends to depose and coordinated the schedules of witnesses, Defendants' in-house counsel, and GRSM's attorneys. I confirmed we have the witness availability and that it is forthcoming, but that these dates are the only dates that will work for these witnesses and our office due to travel requirements and witness availability. Mr. Shull confirmed that the FTC does not have any time constraints or limitations in terms of the FTC's counsel's availability (as opposed to defense counsel, who has significant time constraints due to required deposition preparation, travel in connection with same, and travel to attend said depositions – while the FTC is not intending to travel anywhere, instead taking depositions from counsel's home office remotely). Mr. Shull also did not state that the FTC is unavailable on any of the proposed dates, nor has he done so since. Attached hereto as Exhibit B is a true and correct copy of the email correspondence dated March 27, 2025-April 1, 2025 between Defendants' counsel and the FTC's counsel regarding the deposition schedule, which references my conversation with Mr. Shull on page 1.

18.     On March 31, 2025, Defendants' counsel provided dates for depositions of Melinda Park, Brian Cox, Charles Manning, and Sam McCabe for the second time. Defendants' counsel advised that May 12 is the only availability for Ms. Park's deposition. Defendants' counsel also requested that Mr. Benoit's deposition be moved to May 13, to accommodate travel for Defendants' counsel and witness availability. As discussed above, Mr. Benoit and Ms. Park reside in Idaho and Defendants' counsel will travel to Idaho to defend both of these depositions. *See* Exhibit B.

19.     Defendants simply are not available on the date next week (nor is counsel); further, Defendants' counsel will incur unnecessary significant expense if they are required to travel to

defend depositions on multiple occasions when in fact (and with no time pressure whatsoever) the depositions could easily be scheduled together, as proposed by the defense.

20. There are an excessive number of depositions requested by the FTC – all of which require significant travel and calendar coordination. In addition to the above-referenced deposition expenses in connection with Mr. Benoit's and Ms. Park's depositions, Defendants and Defendants' counsel anticipate significant travel costs incurred in connection with the defense of other depositions noticed by the FTC with witnesses residing in different parts of the country, including Rule 30(b)(6) depositions of CDS and Kochava, which each will likely require multiple corporate designees.

21. **Defendants and Defendants' counsel remain willing to discuss an alternative deposition schedule to accommodate the FTC's request to take Mr. Benoit's deposition first, as this seems to be the FTC's main objective (to which Defendants do not object).**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2, 2025.

_____
Craig J. Mariam