UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:22-cv-00377-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KOCHAVA, INC., and COLLECTIVE DATA SOLLUTIONS, LLC, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Plaintiff's Emergency Motion to Compel (Dkt. 113). Plaintiff seeks to compel the attendance of James Benoit at a deposition on April 10, 2025. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

The FTC brought this action against Kochava, Inc. in August 2022, alleging that the company engaged in unfair acts or practices in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. § 45(a)(1). After the Court allowed the FTC's claim to proceed, the FTC filed a second amended complaint naming Kochava's subsidiary, Collective Data Solutions (CDS), as an additional defendant. The discovery deadline, which was recently extended by stipulation, is October 16, 2025.

The present dispute concerns the deposition of James Benoit, Kochava's Director of Sales Engineering. Mr. Benoit has worked for Kochava since 2014, and the FTC considers him a foundational witness for further depositions. For this reason, when the FTC reached out to Kochava in December 2024 to begin scheduling depositions, the FTC indicated that Mr. Benoit's would be first.

Email records show that the depositions took months to schedule due to Kochava's delays in responding and apparent inability to determine when witnesses could appear. The FTC initially reached out on December 13, 2024, and asked to schedule Mr. Benoit's deposition for the week of January 19, 2025, along with the deposition of another high-level Kochava employee, Trevor Hamilton. When Kochava ignored the emailed, the FTC followed up 10 days later. On December 26, Kochava responded that it was "in the process of confirming the witnesses' availability." Two weeks later, on January 7, 2025, the FTC sent a third email asking for availability. This time, Kochava quickly answered that the week of January 19 would not work at all but that they would provide a proposed schedule. The FTC waited another two weeks then sent a fourth email requesting deponent's availability, again stating that it would take Mr. Benoit's deposition first, followed by three other witnesses. *Ex. A*, Dkt. 113-3 at 9-12.

The parties met and conferred at the end of January about the depositions and other discovery issues. On that call, the FTC agreed to stipulate to Kochava's

MEMORANDUM DECISION AND ORDER - 2

proposed four-month continuance of discovery deadlines, "continent on [defense counsel] providing firm deposition dates" for the first tranche of deponents. Kochava also agreed to "work diligently to provide firm dates for the second tranche of deponents," which included four individuals and two organizations. *Id.* at 7.

Nonetheless, Kochava's recalcitrance continued through the month of February. On February 14, the FTC asked for the firm deposition dates that Kochava had promised. Kochava did not respond, and the FTC sent another email on February 24. Kochava finally responded with dates on February 26, more than two months after the FTC's initial scheduling request. In that email, Kochava indicated that Mr. Benoit was available for deposition on April 8, 9, or 10. Kochava also provided dates for other deponents, though in several cases they did not accommodate the ordering requested by the FTC. *Horwitz Dec.* ¶¶ 13-16, Dkt. 113-3 at 3-4; *Ex. A*, Dkt. 115-2 at 23-25. The next day, the FTC noticed depositions for four witnesses, including Mr. Benoit, on days offered by Kochava. Mr. Benoit's deposition was scheduled for April 8. *Ex. B*, Dkt. 113-3 at 17-18.

A month later, on March 27, Kochava asked to change Mr. Benoit's deposition to April 10 due to a scheduling conflict. The FTC immediately agreed to the change and provided an amended notice of deposition. On March 31, Kochava again asked to move Mr. Benoit's deposition, this time to May 13. Kochava did not provide a justification for this change except that it was necessary "to accommodate travel and

witness availability." The FTC responded that it would not agree given the prior accommodations and the need to depose Mr. Benoit first. Kochava insisted that May 13 was now the only option, despite months of notice and the fact that Kochava itself had offered the April 10 date. *Ex. D*, Dkt. 113-3 at 24-26.

Counsel for the FTC asked to meet and confer regarding the scheduling dispute. Kochava's counsel refused because "[t]here's really nothing else to meet about" and it had "exhaustively gone through availability." *Id.* at 26. The FTC then contacted the Court to ask how to proceed and received leave to file the present Emergency Motion to Compel. The Court ordered expedited briefing, and the motion is now ripe.

## LEGAL STANDARD

Under the Federal Rules of Civil Produce, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When a party refuses to provide requested discovery, the requesting party may move under Rule 37 for an order to compel. Fed. R. Civ. P. 37(a)(1). In these disputes, the key question is whether the opposing party has shown that the discovery would pose an "undue burden." *See* Fed. R. Civ. P. 26(c)(1). The district court has significant discretion to permit, prohibit, or limit the sought discovery, including discretion to "dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

## ANALYSIS

The Court will grant Plaintiff's Motion to Compel and order Mr. Benoit to appear at the deposition scheduled for April 10, 2025.

Kochava has not come close to showing that the April 10 deposition would constitute an undue burden. To start, this is the date that Kochava itself proposed roughly a week ago. The FTC has already accommodated one request to reschedule, and it gave Kochava ample notice of the deposition after months of inexplicable delays from defense counsel. Although Kochava insists that moving the deposition to May 13 is now necessary due to "travel and witness availability," counsel were presumably aware of both their travel obligations and Mr. Benoit's availability when they asked to hold the deposition on April 10. The ability to manage these rudimentary scheduling issues is part of the minimum competence expected of all attorneys. If defense counsel is not up to this basic task, Kochava must bear the cost of that failure rather than the FTC.

Of course, attorneys are human, and travel to northern Idaho can pose logistical difficulties (though, as Plaintiff notes, defense counsel has the option to participate remotely). This Court expects the parties to be flexible and understanding with each other during discovery. But the FTC has been flexible—exceedingly so. Plaintiff's counsel have been clear since December that they will take Mr. Benoit's deposition first to lay the foundation for other depositions, and this was the basis for

selecting April 8, then April 10. The FTC also accommodated Kochava by scheduling the depositions back-to-back to minimize travel for defense counsel. On the other hand, Kochava's counsel has not articulated a single specific reason why April 10 cannot work. Apparently, the date is no longer convenient, but there is no indication of a particular scheduling conflict that might warrant moving the deposition to May. *See Ioane v. Spjute*, No. 1:07-cv-00620, 2014 WL 590339, at *2 (E.D. Cal. Feb. 14, 2014). At this point, it is difficult to see Kochava's behavior as anything but an attempt to disrupt the discovery process.

      This would be enough to justify an order compelling Mr. Benoit's attendance at the scheduled deposition. But some underlying principles of discovery also merit mention here. First, the FTC is entitled under Rule 30(a) to up to 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). The FTC may also order the depositions as it deems appropriate to best obtain the evidence it needs to make its case. *See Smith v. Café Asia*, No. 07-621, 2009 WL 10692462, at 3 (D.D.C. Aug. 25, 2009) ("[W]hile it may be a source of frustration to break the depositions into two trips, plaintiff is no more required to schedule depositions together so that counsel can minimize travel time than defendants are required to use local counsel rather than an attorney who lives in California."). Kochava acts like it has bent over backwards to accommodate "excessive" depositions, but the FTC has not sought leave to take any depositions beyond Rule 30(a)'s presumptive limit. These attempts to blame the FTC for the

present dispute are utterly disingenuous.

Second, compliance with a deposition notice is not left to the opposing party's discretion. Kochava points out that it has not outright refused the deposition of Mr. Benoit, as if this justifies the refusal to follow through with the agreed-upon deposition date. But Kochava is obliged to comply with the deposition, which clearly falls within the scope of discovery permissible under Rule 26(c). The fact that Kochava has not flagrantly broken one rule of discovery does not excuse the more nuanced violation effected by this scheduling obstruction.

Third, discovery is a process that requires good faith cooperation between the parties. A broad right to discovery is foundational to the American civil justice system: "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Discovery disputes like this are a waste of time for both parties and courts. For this reason, after granting a motion to compel, district courts typically award attorney's fees to the moving party if the opposing party's objections were not "substantially justified." Fed. R. Civ. P. 37(a)(5)(A). Additionally, in the context of depositions, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Although the Court does not make conclusions at this stage, Kochava's

conduct here certainly appears designed to impede, delay, and frustrate the fair examination of Mr. Benoit. The Court expects that Kochava will be cooperative, professional, and competent when scheduling the remaining depositions.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Emergency Motion to Compel the Attendance of James Benoit at His Deposition on April 10, 2025 (Dkt. 113) is **GRANTED**. Mr. Benoit is ordered to appear at the deposition scheduled for April 10, 2025, at 11:00 AM ET pursuant to the Amended Notice of Deposition.

2. Any motions for attorney's fees or other discovery sanctions related to the Emergency Motion to Compel are due by May 2, 2025.



DATED: April 4, 2025

_____
B. Lynn Winmill
U.S. District Court Judge