BRIAN SHULL, IL Bar No. 6293797
JULIA A. HORWITZ, DC Bar No. 1018561
JENNIFER RIMM, DC Bar No. 1019209
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3734
Fax: (202) 326-3062
bshull@ftc.gov
jhorwitz@ftc.gov
jrimm@ftc.gov

ELIZABETH C. SCOTT, IL Bar No. 6278075
Federal Trade Commission
230 S. Dearborn St., Ste. 3030
Chicago, IL 60604
Phone: (312) 960-5609
Fax: (312) 960-5600
escott@ftc.gov

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>KOCHAVA INC., corporation,<br><br>and<br><br>COLLECTIVE DATA SOLUTIONS, LLC, a limited liability company,<br><br>     Defendants. | Case No. 2:22-cv-00377-BLW<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL [DKT. 108]** |

## I. INTRODUCTION

In their Answer [Dkt. 107], Defendants Kochava Inc. and Collective Data Solutions, LLC (collectively, "Defendants") plead a laundry list of barebone affirmative defenses. Striking these canned defenses will streamline litigation and avoid costly and unnecessary discovery. As Plaintiff Federal Trade Commission ("FTC") set forth in its opening brief [Dkt. 108-1] ("Mot."), this is the exact scenario under which this Court and others agree it is appropriate to grant a motion to strike.

In their Response [Dkt. 112] ("Resp."), Defendants advance arguments that this Court has already rejected in other matters, while ignoring or only giving glancing mention to these decisions. Defendants' Response is full of irrelevant authority, inapplicable statutes, and post-hoc attempts to replead their defenses. Defendants' attempts to sidestep the obvious defects in their pleading are unavailing. The FTC's Motion to Strike should be granted.

## II. ARGUMENT

**1. This Court Should Strike Defendants' Deficient Affirmative Defenses**

Defendants generalize that because motions to strike are disfavored in many instances, the FTC's Motion must be denied. (Resp. at 3-4.) But as this Court has explained, granting a motion to strike *is* appropriate to "avoid the expenditure of time and money that will arise from litigating spurious issues…." *Precise Innovations, LLC v. Aerospace Engineering & Support, Inc.*, 2022 WL 834632, at *4 (D. Idaho Mar. 21, 2022) (quotation omitted). That is precisely why the FTC moved to strike. Defendants' laundry list of conclusory affirmative defenses will require unnecessary, broad, and expensive discovery, and it may open the door to fishing expeditions and wasteful discovery disputes. *See FTC v. Grand Canyon Educ. Inc.*, 2025 WL 721721, at *13 (D. Ariz. Mar. 6, 2025) ("It would serve no purpose—and potentially cause mischief—to allow such a facially invalid affirmative defense to remain part of the case."); *U.S. v. Academy Mort.*

1

*Corp.*, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020) ("There are strong policy reasons for requiring parties to meet the pleading standards set forth in *Twombly* and *Iqbal* for affirmative defenses," including avoiding unnecessary or far-ranging discovery. "This is particularly true where it is an all-too-common practice of proffering a litany of canned affirmative defenses with no supporting factual allegations.").[1] Granting the FTC's Motion will allow the parties and the Court to avoid this costly and unnecessary "mischief" and to streamline the litigation.

    **2. Every Affirmative Defense Pled by Defendants Fails as a Matter of Pleading**

Defendants wrongly state that "[t]he FTC appears to only object to lack of adequate notice as it relates to Defendants'" Affirmative Defenses 7, 8, 13, 14, and 17. (Resp. at 8.) But this is inaccurate. The FTC makes clear throughout its opening brief that the *entirety* of Defendants' affirmative defenses are barebone, laundry list, kitchen sink pleading and *each* affirmative defense fails as a matter of pleading. (Mot. at 1-3, 5, 8.) Affirmative Defenses 7, 8, 13, 14, and 17 were used as examples of Defendants' pleading failures. (*Id*. at 3-5.)

As explained in more detail below, Defendants' arguments apply the incorrect pleading standard and are conclusory in nature.

    **a. The *Twombly/Iqbal* Standard Applies to Affirmative Defenses, As This Court Has Recognized**

Defendants argue at length that the pleading standards set forth in *Twombly* and *Iqbal* do not apply to affirmative defenses. (Resp. at 4-7.) Despite spilling a lot of ink over this question,

---

[1] Defendants argue that "prejudice" is not an element of a motion to strike under Rule 12. (Resp. at 7-8.) However, in doing so, Defendants misquote a pre-2007 unpublished Ninth Circuit opinion. (*Id*. (misquoting *Atl. Richfield Co. v. Ramirez*, 176 F.3d 481 (9th Cir. 1999)); *see also* CTA9 Rule 36-3. In any event, the *Atlantic Richfield* court refused to impose prejudice as a *required* element on a plaintiff's motion to strike redundant material in counterclaims. 176 F.3d at *2. However, district courts have explained that a showing of prejudice assists a court in determining why a motion to strike should be granted. *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013).

2

Defendants downplay a decisive citation: this Court's opinion, in *Precise Innovations*, holding that the *Twombly/Iqbal* standard applies to pleading affirmative defenses. 2022 WL 834632, at *4. The Court's analysis in *Precise Innovations* is correct and accords with the analysis of the Second Circuit, the sole Court of Appeals to squarely address this issue. In *GEOMC Co.*, the Second Circuit explained:

> We conclude that the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a "context specific" task.

*GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *Grand Canyon*, 2025 WL 721721 at *10 (noting that only the Second Court has addressed this question and adopting the Second Circuit's reasoning).[2]

Defendants argue that the Court should follow *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) and adopt an older, and lower, pleading standard for affirmative defenses. (Resp. at 1, 4.) But the Court's analysis in *Precise Innovations* already aligns with *Wyshak*. In that case, the Ninth Circuit took the "prevailing fair-notice standard for pleading complaints and applied it to affirmative defenses." *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013). Specifically, the *Wyshak* court cited to *Conley v. Gibson*—then-controlling precedent on what "fair notice" meant in pleading a complaint—as the "fair notice" standard for affirmative defenses. *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *Vogel*, 291 F.R.D. at 440 ("At the time [of *Wyshak*], fair notice was defined by *Conley v.*

---

[2] Although Defendants point to Ninth Circuit decisions as purportedly deciding this question (Resp. at 4), district courts have explained that the Ninth Circuit has not directly addressed whether the *Twombly/Iqbal* pleading standard applies to affirmative defenses. *See, e.g., Murphy v. Trader Joe's*, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017).

3

*Gibson….*"). In *Precise Innovations*, this Court followed the same logic: applying the fair notice standard for complaints (now defined by *Twombly* and *Iqbal*) to affirmative defenses. *See Precise Innovs.*, 2022 WL 834632, at *4; *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-57 (2007) (fair notice requires plausible allegations). As other courts have observed, this is the proper application of *Wyshak*'s reasoning. *See Vogel*, 291 F.R.D. at 440 ("Framing the issue as a choice between *Twombly*'s plausibility standard and *Wyshak*'s fair-notice standard is misleading, because *Twombly* merely revised the fair-notice standard on which *Wyshak* is based.").

Defendants also argue that subtle differences in language between Rule 8(a) and Rule 8(c) compel a different pleading standard for complaints and affirmative defenses. (Resp. at 5-6.) However, Rule 8(b)(1)(A) also requires that a party to "state in short and plain terms its defenses to each claim asserted against it" and makes no distinction between affirmative defenses and other defenses. *Hayden v. U.S.*, 147 F. Supp. 3d 1125, 1128-29 (D. Or. 2015).

In sum, Defendants offer no persuasive reason why this Court should depart from its prior decision applying the *Twombly*/*Iqbal* standard to affirmative defenses.

b. **Defendants Fail to Offer Any Persuasive Argument in Support of Their Barebone Affirmative Defenses**

As the FTC explained in its opening brief and above, the *Twombly/Iqbal* standard applies to the pleading of affirmative defenses. (Mot. at 2-5.) However, the Court may not even need to reach the question of what standard applies because Defendants' affirmative defenses "contain no detail whatever" and would therefore "fail to satisfy even the lesser pleading standard set prior to *Twombly* and *Iqbal*." *Intermountain Fair Housing Council, Inc. v. Glenbrook Apartments*, 2013 WL 5876309, at *1 (D. Idaho Oct. 31, 2013). Indeed, the FTC is moving to strike every affirmative defense as inadequately pled under *any* pleading standard.

To avoid repetition, the FTC selected a handful of the defenses to use as examples of the

4

deficiencies of *all* of the defenses. (Mot. at 3-5.) Defendants provide no response to the FTC's argument that all of Defendants' affirmative defenses are insufficiently pled. Rather, Defendants only focus their response on the examples used by the FTC and claim that the FTC's Motion is limited to these examples, despite clear language to the contrary. (Resp. at 8.)

Although the FTC is moving to strike every affirmative defense as inadequately pled, the FTC will address Defendants' arguments concerning specific affirmative defenses. These arguments are conclusory, misconstrue the law, and ignore this Court's prior holdings.

**Affirmative Defense 13 (Statute of Limitations)** Defendants tacitly concede that they failed to provide adequate notice of the statute of limitations they claim applies to this action. Defendants attempt to remedy this omission by citing to the statute of limitations in 15 U.S.C. § 57b(d). (Resp. at 8-9.) But Defendants fail to inform the Court that the statute of limitations in 15 U.S.C. § 57b(d), by its plain terms, only covers actions brought pursuant to 15 U.S.C. §§ 57b(a)(1) or (a)(2).[3] 15 U.S.C. § 57b(d) states:

> No action may be brought by the Commission under this section more than 3 years after the rule violation to which an action under subsection (a)(1) relates, or the unfair or deceptive act or practice to which an action under subsection (a)(2) relates; except that if a cease and desist order with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice has become final and such order was issued in a proceeding under section 45(b) of this title which was commenced not later than 3 years after the rule violation or act or practice occurred, a civil action may be commenced under this section against such person, partnership, or corporation at any time before the expiration of one year after such order becomes final.

The Second Amended Complaint nowhere invokes 15 U.S.C. § 57b.[4] Accordingly, not only do

---

[3] 15 U.S.C. § 57b(a)(1) allows the FTC to bring an action if an entity violates a rule enforced by the FTC. And 15 U.S.C. § 57b(a)(2) allows the FTC to bring an action when an entity engages in an action concerning which the FTC has "issued a final cease and desist order." Neither apply to this action.

[4] Defendants point to *FTC v. Publishers Business Services* to suggest that the statute of

Defendants' fail to include the supposed statute of limitations in their Answer, it is also inapplicable to the FTC's claims.

**Affirmative Defense 17 (Compliance with Obligations)** Defendants again tacitly concede that they fail to allege critical facts in support of this defense. Defendants' sole argument "appears to rest on the premise that some pleading standard lower than *Iqbal* and *Twombly* applies to affirmative defenses…." *Precise Innovs.*, 2022 WL 834632, at *4; (Resp. at 9-10). As explained above, under *any* pleading standard, this defense (like all of Defendants' affirmative defenses) fails to provide the FTC with fair notice of the nature of the defense asserted. *Intermountain Fair Housing Council,* 2013 WL 5876309, at *1.

**Affirmative Defense 7 (Waiver)** The FTC's opening brief explained that asserting waiver against the government "requires proof of an intentional relinquishment of sovereign authority." *FTC v. Green Equitable Sols.*, 2023 WL 7107273, at *2 (C.D. Cal. Sept 29, 2023). Defendants do not attempt to address how Affirmative Defense 17 meets this requirement.

**Affirmative Defenses 8 (Estoppel) and 14 (Unclean Hands)** To plead these affirmative defenses, Defendants must allege outrageous conduct by the government, that the government engaged in a wrongful act that will cause a serious injustice, and that the public's interest will not suffer undue damage by imposition of liability. *See Green Equit. Sols.*, 2023 WL 7107273, at *2; *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985). Defendants appear to accept these requirements, as they claim to have put the FTC on notice of "outrageous" conduct on its part.

---

limitations applies to Section 13(b) (15 U.S.C. § 53(b)). (Resp. at 9 quoting *FTC v. Publishers Bus. Serv.*, 821 F. Supp. 2d 1205, 1227 (D. Nev. 2010).) But in *Publishers Business Services*, the FTC alleged violations of Section 5 of the FTC Act *and* a violation of a rule enforced by the FTC (the Telemarketing Sales Rule), so the limitations period in 15 U.S.C. § 57b(d) was applicable in that matter. *See* 821 F. Supp. 2d at 1220. That is not the case here where the FTC only alleges a violation of Section 5.

(Resp. at 10-12.) However, this "notice" is not pled in Defendants' Answer; rather, it is discussed in the Motion to Dismiss the First Amended Complaint and the Rule 11 Motion, both of which this Court denied. (*Id.*)

### 3. Affirmative Defenses 1-4, 11-12, 15-16, and 18-21 Fail as a Matter of Law

Every affirmative defense pled by Defendants fail to meet *any* pleading standard, let alone the applicable *Twombly/Iqbal* one. However, in keeping with this Court's guidance that "[w]here a court strikes an affirmative defense, leave to amend should be freely given" (*Precise Innovs.*, 2022 WL 834632, at *4), the FTC seeks dismissal of most of the affirmative defenses without prejudice. However, there are a handful of defenses that fail as a matter of law. These defenses should be dismissed with prejudice.

#### a. Affirmative Defenses 1-4, 11-12, 16, and 18-21 Are Not Affirmative Defenses

As explained in the FTC's opening brief, Affirmative Defenses 1-4, 11-12, 16, and 18-21 are not affirmative defenses. (Mot. at 5-7.) Defendants' Response coalesces around two points: first, courts let such defenses slide; and second, the FTC has not shown why such defenses should be stricken. (*See* Resp. at 12-15.) Neither point is persuasive.

As to Defendants' first point, Defendants ignore a host of cases striking similar non-affirmative defenses in order to streamline a matter. *See, e.g., Barnes v. AT&T Pension Ben. Plan-Nonbargained Prog.*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *Grand Canyon Educ. Inc.*, 2025 WL 721721, at *10-16. Most importantly, Defendants fail (again) to address *Precise Innovations,* in which this Court recognized that an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven" and struck defenses that did not satisfy this definition. 2022 WL 834632, at *3-4 (quotation omitted).

7

Defendants' second point is also baseless. FTC did provide in its opening brief persuasive arguments that Affirmative Defenses 1-4, 11-12, 16, and 18-21 were not affirmative defenses. For example, the FTC included citations to caselaw explaining how Affirmative Defenses 1, 2, 11, and 18 were questions of fact, and how Affirmative Defenses 3 and 4 were matters of jurisdiction. (Mot. at 6). The FTC also pointed to this Court's opinion on Kochava's second motion to dismiss to demonstrate that matters of notice and secondary liability were questions of fact.[5] (*Id*. at 6-7)

Caselaw and common sense compel the conclusion that Affirmative Defenses 1-4, 11-12, 16, and 18-21 are not affirmative defenses at all. Therefore, they should be stricken.

### b. Because This Action Sounds in Equity, Affirmative Defense 15 Is Not Available

As explained in its opening brief, the FTC brings this action pursuant to Section 13(b) of the FTC Act and seeks only equitable relief. (Mot. at 7-8.) Accordingly, "mitigation of damages is not relevant" and Defendants' "defense of mitigation of damages fails as a matter of law." *FTC v. Medicor LLC*, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001).

In their Response, Defendants argue that the FTC's claim for "any additional relief as the Court determine to be just and proper" means that the FTC could also seek monetary relief. (Resp. at 15.) However, the Supreme Court has foreclosed this argument. *AMG Capital Management, LLC v. FTC* holds that "§ 13(b)'s 'permanent injunction' language does not authorize the Commission directly to obtain court-ordered monetary relief." 593 U.S. 67, 75

---

[5] Defendants appear to take the FTC's citation to this Court's motion to dismiss opinion as an argument that the issue of notice had been factually proven. (Resp. at 14.) But this is incorrect—the FTC cites this opinion as evidence that the question of notice is an element of the FTC's claim that the Court held had been adequately pled. The FTC's point was that purported affirmative defenses that raise the question of notice are not affirmative defenses at all—instead, they address an element pled by the FTC.

(2021). Any relief available to the FTC in this action *cannot* include damages. The cases Defendants rely upon all predate *AMG*. The Court should therefore strike Affirmative Defense 15 with prejudice.

### 4. A Jury Trial Is Not Available in this Action

Ignoring that "a wealth of … case law" exists "recognizing that the Seventh Amendment does not confer a right to jury trial in lawsuits brought under Section 13(b) of the Federal Trade Commission Act" (*FTC v. First Univ. Lending, LLC*, 2011 WL 688744, at *3 (S.D. Fla. Feb. 18, 2011)), Defendants argue that their assertion of affirmative defenses transforms this matter from one sounding in equity to one in law such that a jury trial is required (Resp. at 16-18). However, "defendants are not entitled to a jury trial on affirmative defenses when those defenses turn on the same issues as the plaintiffs' equitable claims." *Osborn v. Griffin*, 865 F.3d 417, 465 (6th Cir. 2017) (citing *Shubin v. U.S. Dist. Court*, 313 F.2d 250, 251-52 (9th Cir. 1963)). Here, to the extent it is possible to determine from the barebone pleadings, Defendants' affirmative defenses appear to turn on the same issues as the FTC's equitable claim. As such, Defendants have no right to a jury trial and the Court should strike their request.[6]

### III.    CONCLUSION

For the foregoing reasons, the FTC respectfully requests the strike all of Defendants' affirmative defenses, strike Affirmative Defenses 1-4, 11-12, 15-16, and 18-21 with prejudice, and

---

[6] The cases cited by Defendants do not support a different result. In fact, in both cases, the underlying action raised both legal and equitable questions and, as a result, any affirmative defenses pled could turn on legal issues already raised. For example, in *Illinois Union Insurance Company v. Intuitive Surgical, Inc.*, the court had combined an action for recission (sounding in equity) with one for a breach of contract (sounding in law). 179 F. Supp. 3d 958, 960 (N.D. Cal. 2016). Likewise, in *Brown v. San Diego State University Foundation*, the plaintiff had pled a violation of Title VII, which includes both legal and equitable questions. 2015 WL 4545857, at *1 (S.D. Cal. July 28, 2015).

strike Defendants' request for a jury trial.

                                                  Respectfully submitted,

Dated: April 9, 2025                /s Brian Shull

                                                  BRIAN SHULL
                                                  JULIA A. HORWITZ
                                                  JENNIFER RIMM
                                                  ELIZABETH C. SCOTT

                                                  Attorneys for Plaintiff
                                                  FEDERAL TRADE COMMISSION