UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KOCHAVA, INC.,<br><br>Defendant. | Case No. 2:22-cv-00377-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses and Request for Jury Trial (Dkt. 108). For the reasons explained below, the Court will partly grant and partly deny the Motion.

# BACKGROUND

The FTC filed suit against Kochava, Inc. in August 2022, alleging that Kochava's data sales are unfair acts or practices likely to cause substantial injury to consumers in violation Section 5(a) of the FTC Act. After the Court granted Kochava's first motion to dismiss in May 2023, the FTC filed an amended complaint. Dkt. 24 at 1. Kochava again moved to dismiss the complaint, and this time the Court denied the motion. Dkt. 71.

Around the same time, Kochava transferred its data broker business to a

subsidiary, Collective Data Solutions, LLC (CDS). As a result, the FTC filed the Second Amended Complaint in July 2024 to name CDS as a defendant. Dkt. 86. Kochava and CDS brought third motion to dismiss, repeating the same legal arguments unsuccessfully asserted in the prior two motions. The Court declined to dismiss the case, and Defendants filed their Answer in February 2025.

The FTC now moves to strike Defendants' affirmative defenses and request for a jury trial.

## LEGAL STANDARD

Under Federal Rule of Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). In some cases, however, they are warranted "to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Precise Innovations, LLC v. Aerospace Eng'g & Support, Inc.*, 4:21-cv-00420-BLW, 2022 WL 834632, at *4 (D. Idaho Mar. 21, 2022).

## ANALYSIS

1. **Affirmative Defenses**

A defense can be insufficient because it fails to satisfy the pleading requirements of Rule 8. *Johnson v. Engbaum*, 1:24-cv-00218-REP, 2024 WL 3696158, at *1 (D. Idaho, Aug. 7, 2024). But courts are divided on the particulars of those pleading requirements, and even judges within the District of Idaho have not applied a consistent standard. *See id.* (collecting cases). Along with a majority of Ninth Circuit district courts, I have previously applied the "plausibility" standard of *Twombly* and *Iqbal*, meaning that an affirmative defense "must contain sufficient factual matter to state a defense that is plausible on its face." *Precise Innovations*, 2022 WL 834632, at *4 (quoting *Ramirez v. Ghilotti Bros, Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013)). Several other judges have instead utilized the lower "fair notice" pleading standard. *See Johnson*, 2024 WL 3696158.

I again hold that that the "plausibility" pleading standard governs affirmative defenses. It is true that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). But the meaning of "fair notice" has changed under *Twombly* and *Iqbal*. As the Supreme Court made clear, "'a wholly conclusory statement' is insufficient; instead, there must be 'enough factual matter' so as to 'possess enough heft to show that the pleader is entitled to relief.'" *Hernandez v. County of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 561 (2007)).

Although *Twombly* and *Iqbal* directly addressed the sufficiently only of claims under Rule 8(a)(2), the logic extends to affirmative defenses at the level of both text and function. Textually, the Rule 8 requirements for pleading defenses parallel the requirements for pleading claims. Rule 8(a)(2) mandates from the plaintiff "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1) instructs the defendant to "state in short and plain terms its defenses to each claim asserted against it". *See Barnes v. AT&T Pension Ben. Plan – Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). Functionally, "[i]n both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).

In this case, however, the above debate is somewhat academic because Defendants' list of affirmative defenses do not even meet the lower "fair notice" pleading standard. Courts adopting the "fair notice" standard still require "enough factual content to identify the factual grounds on which an affirmative defense rests." *Rosen v. Masterpiece Marketing Group, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016). Defendants' laundry list of affirmative defenses is entirely

lacking in any factual allegations. This is precisely the kind of "boilerplate listing" that warrants striking under Rule 12(f). *See Ramirez*, 941 F. Supp. 2d at 1204.

In general, a defendant should receive leave to amend when the court strikes an affirmative defense. *Precise Innovations*, 2022 WL 834632, at *4. The FTC argues that some of Defendants' affirmative defenses are unsalvageable—wholly inapplicable or merely a restatement of negative defenses—and should therefore be dismissed with prejudice. At this juncture, the Court will allow Defendants free leave to amend. But Defendants should take care to ensure that an amended pleading includes only actual affirmative defenses—not items of factual dispute—that are applicable to the case at hand. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.") The fact that courts sometimes let deficiencies slide is not an excuse for a kitchen-sink answer that labels every disagreement an affirmative defense. At the same time, the FTC should not complain to the Court about trivial instances of sloppiness that, while potentially annoying, have no real impact on the case. These minor procedural disputes are a poor use of everyone's resources.

2. **Jury Trial**

Finally, the Court turns to Defendants' demand for a jury trial "on all issues

so triable." *Answer to Second Am. Compl.* at 33, Dkt. 107. The FTC seeks to strike the demand because there is no right to a jury trial for this action.

The Seventh Amendment enshrines the right to a jury trial for "Suits at common law." The Supreme Court has long interpreted this to mean "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The key question is the nature of the remedy: "whether it is legal or equitable in nature." *Id.* at 42.

The FTC seeks equitable relief: a permanent injunction, along with "any additional relief as the Court determines to be just and proper." *Second Am. Compl.* at 40, Dkt. 86. An injunction is obviously equitable relief, as is any other relief that the Court has discretion to fashion and provide. For this reason, "a wealth of . . . case law recogniz[es] that the Seventh Amendment does not confer a right to jury trial in lawsuits brought under Section 13(b) of the Federal Trade Commission Act." *F.T.C. v. First Universal Lending, LLC*, No. 09-82322-CIV, 2011 WL 688744 (S.D. Fla. Feb. 18, 2011). And although parties have a right to a jury trial on affirmative defenses that are legal in nature, it is difficult to see how any Defendants' affirmative defenses—even once properly pled—could create distinct legal, rather than equitable, issues.

For these reasons, the Court is extremely skeptical that a jury trial could be available in this matter. Nonetheless, the Court will allow this portion of the Answer to stand. Defendants have limited their jury demand to "all issues so triable." While it appears that no issues will be "so triable," there is no need at this stage to reach a conclusive determination.

In sum, the Court will strike Defendants' affirmative defenses but give them leave to amend. The Court will decline to strike the demand for a jury trial.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses and Demand for Jury Trial (Dkt. 108) is **GRANTED IN PART and DENIED IN PART** as described above. Defendants must file an amended Answer within 21 days of the date of this Order.



DATED: July 1, 2025

B. Lynn Winmill
U.S. District Court Judge